## SIMEON H. MITCHELL *vs.* RUFUS S. LEAVITT.

*P*, who owned a grist-mill, and another water privilege below on the same stream, conveyed the lower privilege to *D*, reserving to himself the right to prohibit, and by the deed prohibiting, *D*, his heirs and assigns, from erecting any grist-mill on the privilege conveyed. The parties intended to make the reservation to the heirs

and assigns of *P*, as well as to *P* personally, but the words were omitted by mistake. The title of *P* in the grist-mill property had become vested in the petitioner, who took the same with no agreement that the rights reserved by *P* in his deed to *D* should pass with the property. The title of *D* had become vested in the respondent. An intermediate grantee of *D* had obtained a release from *P*, after he had conveyed away the upper mill, of all his reserved interest in the lower privilege, and had erected a grist-mill thereon, and the respondent took his conveyance with no knowledge of the mistake in the original deed from *P* to *D*. After purchasing the property the respondent expended $2,000 in repairing and improving the grist-mill, without objection from the petitioner, who then held the upper property and knew of the expenditure. On a bill in equity brought by the latter to obtain a correction of the deed of *P* to *D*, and for an injunction against the use of the lower privilege for a grist-mill, it was held, 1. That the easement reserved, if to be regarded as one, not having been attached to the upper mill, but reserved to *P* personally, was extinguished by his release. 2. That if it could have been conveyed to the petitioner, yet as it was not so in fact, and he had never bargained or paid for it, he had acquired no equitable title to it. 3. That if he would otherwise have had an equitable right to the easement, yet he had lost it by standing by and seeing the expenditures made on the property by the respondent without making objection.

Restrictions on the use of real estate, where not for the benefit of some individual or of the public, are contrary to public policy and void.

BILL in equity for the correction of a deed and for an injunction. The case was heard in the superior court before *Carpenter, J.,* by whom the facts were found and the bill dismissed. The petitioner brought the record before this court by motion in error. The case is sufficiently stated in the opinion.

*Cothren,* for the petitioner.

*Buel* and *G. M. Woodruff,* for the respondent.

DUTTON, J. The leading facts in this case are the following. In 1833 Levi S. Platt and Patty Platt owned a tract of land with a grist-mill lying on the Shepaug river, and another lot a little lower down on the stream. They conveyed this last lot, which for convenience may be called the factory lot, to one Dimock, for himself and others, by a deed which contained the following clause:—" Reserving nevertheless, to them the said Levi S. and Patty, the right to prohibit, and said Dimock is hereby prohibited, his heirs and assigns and all those for whom he

holds this deed in trust, from erecting on said land, or adjoining the same, any kind of grist-mill or saw-mill, &c." The object of the grantors in making this reservation, was to prevent competition in grinding and sawing. The parties to the deed intended that the words "their heirs and assigns" should be inserted in the deed, in connection with the names of the grantors in the reservation, but they were omitted by mistake. In 1835 the Platts deeded the grist-mill and saw-mill property, called Platt's mills, to one Olmstead, and intended to convey to him by the same deed, but by mistake did not, whatever easement, if any, they had either in law or equity in the factory lot. In 1846 Olmstead conveyed the same property to the petitioner, but the parties to the deed did not intend to convey, and did not profess to convey, any such right to the petitioner. In 1856 one Baldwin, being then the owner of the factory lot, in good faith for aught that appears in the finding, procured a conveyance of whatever interest Patty Platt and the heirs of Levi S. Platt, then deceased, had in the factory lot, by reason of the reservation. In 1859 the respondent, then owner of the factory lot, expended, with the knowledge of and without objection from the petitioner, $2,000 in improving a grist-mill which had been erected on that lot by a former grantee. All the deeds were recorded, and the purchasers were chargeable with such notice only as the records gave.

This brief statement of facts presents several distinct grounds for not granting the relief prayed for. It is unnecessary to consider the question whether the reservation contains any thing more than a mere personal covenant, for assuming that there was a reservation of an easement in the factory lot, the objections to an equitable right to it, so far as the petitioner is concerned, are equally fatal.

1. The respondent acquired a title to the factory lot free from any incumbrance legal or equitable. The easement, if any, was not attached to the Platt's mills lot at all, even in the original deed to Dimock. Consequently, if the deed of the Platt's mills property had specifically conveyed the easement, the record of it would have given no notice to the owner of

Mitchell *v.* Leavitt.

the factory lot. Clearly therefore the respondent's grantor, by his deed from Patty Platt and the heirs of Levi Platt, extinguished the supposed easement.

It has been urged that as the deed to Dimock contained a prohibition against building a grist-mill on the land conveyed, this qualified the title of the grantee, whether any right was reserved to the grantors or not. But there is no foundation for such a claim. Such a restriction on the use of real estate, where it does not appear that either some individual or the public would be benefited by it, would be contrary to public policy and void. If it could be made for the benefit of the public, then some public officer, and not a private individual, would be the proper person to enforce it.

2. The petitioner has no right either legal or equitable to the supposed easement. It is admitted that he has acquired no legal title, and the facts found show that he never bargained for and never paid for any equitable right to the easement in question. He therefore is not entitled to any relief, for he has sustained no injury or loss.

3. The facts found regarding the expenditure of the $2,000 constitute an equitable estoppel. It would enable the petitioner to perpetrate a fraud, if he could be allowed to stand by and see his neighbor expend this amount without objection, and then deprive him of the benefit of it.

There is no error in the record.

In this opinion the other judges concurred.