JAMES P. COLLINS *vs.* THE RICHMOND STOVE COMPANY.

New London Co., May T., 1893. ANDREWS, C. J., CARPENTER, FENN, BALDWIN and THAYER, Js.

Where *A* claims payment of a sum which he has paid to a third party for a debt justly owed to such party by *B*, it is not enough that he has paid the debt in good faith and in the belief that *B* would reimburse him, but he must show that *B*, either expressly or impliedly, requested him to pay it.

Instructions given to a jury upon any question must always be considered with reference to the claims made by the parties on the trial, and all those that bear upon a particular point should be considered as a whole. A single sentence should not be taken by itself and treated as containing error, when, taking the whole together, the jury could not be supposed to have been misled by it.

A charge to the jury sustained under the application of this rule.

In a suit for the recovery, upon a special count, of an agreed price for work done and materials furnished, with the common counts for work done and materials furnished added, and a full bill of particulars, it was held that, upon failure to prove an agreement as to the price to be paid for them, there might be a recovery for what they were worth, without any quantum meruit count in the complaint.

[Argued May 31st—decided September 9th, 1893.]

ACTION to recover for machinery and tools constructed for and delivered to the defendant; brought to the Superior Court in New London County, and tried to the jury before *Torrance, J.* The complaint contained a special count on the contract and the common counts for services rendered and materials furnished, with a bill of particulars. The defense was a general denial and a set-off. The jury returned a verdict for the plaintiff, disallowing the set-off, and the defendant appealed to this court for error in the charge of the judge on his claim of set-off.

*S. Lucas*, for the appellant.

*D. G. Perkins*, for the appellee.

ANDREWS, C. J. The plaintiff is a manufacturer of va-

Collins *v.* Richmond Stove Co.

rious kinds of machinery. In the year 1892 he made for the defendant a pendant drill, a horizontal drill, and extension sockets. In doing the work certain castings were necessary. They were obtained by the plaintiff from other parties—Vaughn & Son, one Converse and one Bard. The plaintiff directed these other parties to charge the articles ordered by him to the defendant. In the language of the finding :—These articles were all ordered by the plaintiff and delivered to him and by his order charged to the defendant by the several parties from whom the articles were obtained. When these last described parties rendered to the defendant their monthly bills, the charges so ordered to be made by the plaintiff were shown to the plaintiff by the defendant and the plaintiff was asked whether the amounts were correct or not. If correct the item was checked as such, and thereupon the defendant gave said parties credit on its books for such amounts and charged them to the plaintiff. Shortly after so crediting said parties with their respective charges against it as aforesaid, the defendant rendered its bill of said charges to the plaintiff and the plaintiff thereupon notified the defendant that he would not pay nor allow said charges because it was the duty of the defendant to pay them under the agreement between it and himself. Subsequently to this notification, but before this suit was brought, the defendant paid said parties the amount of their charges. In this suit the defendant claimed to recover the amount of these charges of the plaintiff by way of set-off to his claim against it.

Upon this point the plaintiff claimed to have proved that the defendant had charged said bills to the plaintiff upon its books without his knowledge or consent, that as soon as he knew of this he informed the defendant that he would not pay the bills nor allow them in his account with the defendant, because it was the duty of the defendant to pay them, and that the defendant subsequently, with full knowledge of all the facts, and of the claims of the plaintiff upon this point, paid the bills.

The plaintiff further claimed to have proved that he proposed to the defendant to perform the labor only in making

the two drills now in question, and the extension sockets, if ordered, for $600, the defendant furnishing all the castings therefor, and that he honestly and in good faith believed that the defendant so understood him and assented to this proposition, and claimed that if the defendant in fact believed him to make and agree to the proposition as claimed by the defendant, then such belief was due to a mistake or misunderstanding between the parties which then prevented the formation of any contract.

Upon the question of set-off the defendant claimed, and asked the court to charge the jury, that if the bills of Vaughn & Son, Bard and Converse were for things charged to the defendant by order of the plaintiff, and as between him and it it belonged to the plaintiff to pay them, and the defendant in good faith credited those bills to those parties on its books and charged them to the plaintiff, it could recover in this suit by way of allowance or set-off for their several amounts, notwithstanding the fact that the plaintiff informed the defendant before it paid them that he would not pay the bills.    Thus far we have followed the finding.

So far as the charge bears upon the question presented upon the record it was as follows :

"The plaintiff claims in this case, by the complaint and bill of particulars, to recover of the defendant for certain work done and materials furnished to the defendant at its request.    He claims that he made a contract with the defendant to make two drills for $550, and the extension sockets, if called for, for $50 more, making $600 in all.    He claims that the contract included only the work on the drills and sockets and did not include the cost of the casting necessary, nor the counter-shafts, belt-shifters, and idler, nor the cost of erecting the drills and putting up the counter-shafts, idler and belt-shifters ready for use.    He claims that the castings were to be paid for by the defendant and that the counter-shafts and idler, and the fitting up the same and the erection of the drills in the defendant's shop, were extras outside of the contract, and were ordered by and to be paid for by the defendant at regular rates.    He claims that he

made the drills and sockets according to contract and that he made and put up the counter-shafts, the idler and the belt-shifters and erected the machines ready for use in the defendant's shop as requested. On the other hand the defendant claims to have proved that it was expressly agreed that the contract price of $550 included the drills complete, set up in the shop, with the counter-shafts, idler and belt-shifter put up and complete ready for use, and that the agreement included the drills complete ready for delivery, with the setting of them up in the shop, and the necessary counter-shafts, belt-shifters and idler. If you find that the plaintiff entered into a contract to furnish and put up these drills complete, including the extension sockets, the counter-shafts, the idler, and belt-shifter for $550, as claimed by the defendant, then you will be brought to the consideration of the defendant's counter-claim. This is made up of certain bills which the defendant claims to have paid on account of the plaintiff, at his request, amounting to $237.95. If you find that the bills of Vaughn, Converse and Bard were bills due from the plaintiff to these parties, which it was the duty of the plaintiff to pay, and that the plaintiff expressly or impliedly requested the defendant to pay them on the plaintiff's account, or that the plaintiff consented to such payments and that they were made, then in your verdict you should allow the defendant for the amount that it so paid. Or, if you find that the plaintiff, with or without authority, express or implied, from the defendant, had these bills charged to the defendant, and that they ought to have been paid by the plaintiff, and subsequently the defendant in good faith paid them for the plaintiff, believing that the plaintiff would credit it with such payments, then such payments should be allowed to the defendant. If, however, these bills were bills of the plaintiff, and ought to have been paid by him, and the defendant paid them officiously, voluntarily, and of its own motion, without any request, express or implied, of the plaintiff, and without his knowledge and consent, and without any subsequent ratification on his part, or against his approbation, then it cannot recover for such amounts as it so paid.

One cannot officiously, and voluntarily, of his own mere motion, pay the debt of another without or against his consent, express or implied, and then recover of him for such payment."

It has been necessary to set out the material parts of the record at some length in order that the questions made by the defendant may clearly appear. Counsel for the defendant insist that the court erred in not charging the jury as requested by it and in the charge as actually given. The request for instruction which was offered by the defendant made the liability of the plaintiff for, and the right of the defendant to recover, the amounts paid by it to Vaughn & Son and the others, depend on the good faith of the defendant in making those payments. We do not, however, understand that the good faith of the defendant in making those payments furnishes the rule of liability. The plaintiff is not liable to the defendant for those amounts because the defendant paid them in good faith. He is liable for those payments, if at all, because he had requested the defendant to make them. Such a request may have been express or implied. If the defendant made those payments without any such request it cannot recover them of the plaintiff. One person cannot make another his debtor by paying a debt of the latter without his request or consent. *Winsor* v. *Savage*, 9 Met., 346 ; *Brown* v. *Fales*, 139 Mass., 21 ; *Richardson* v. *Williams*, 49 Maine, 558 ; *Smith* v. *Poor*, 37 Maine, 462 ; *Taylor* v. *Baldwin*, 10 Barb., 626 ; *Lewis* v. *Lewis*, 3 Strobhart, 530 ; *Kenan* v. *Holloway*, 16 Ala., 53 ; *Durnford* v. *Messeter*, 5 M. & S., 446 ; *Stokes* v. *Lewis*, 1 T. R., 20 ; *Osborn* v. *Rogers*, 1 Saunders, 264, note; Chitty on Contracts (11th ed.), 881. There was no error in disregarding the request for a charge.

Instructions given to a jury upon any question must always be considered with reference to the claims made by the parties on the trial; and so much of the instruction as bears upon the particular question should be considered as a whole; otherwise the real import of the instruction as intended by the court or as understood by the jury would not be fairly

ascertained. It would be very misleading to take one sentence or one paragraph of a charge and subject it alone to examination without reference to what preceded or what followed it. The charge actually given when examined in this way seems to be free from error.

That part of the charge which has reference to the question of set-off pretty readily divides itself into three paragraphs. The first one is clearly correct, for it lays down the rule of law exactly as we have just shown it to be, namely, that the defendant could not recover the amounts claimed by it in its set-off unless it had paid those amounts upon some request of the plaintiff. The third paragraph is also free from error, because it states the converse of the same proposition. If the defendant could not recover unless there had been some request by the plaintiff, then certainly it could not recover if it had made the payments voluntarily and officiously. But the defendant lays hold of the second paragraph, and taking it out of its relation with the other paragraphs, says it is erroneous. In this paragraph the court told the jury that "if the bills of Vaughn & Son and the others ought to have been paid by the plaintiff, and the defendant in good faith paid them for the plaintiff believing that the plaintiff would credit it with such payments, then such payments should be allowed to the defendants." This was an almost literal compliance with the request for an instruction to the jury which the defendant had made. The court adopted the words of the request and then in a dependent clause of the same sentence used other words which seem intended to convey to the jury an illustration of what would constitute good faith. Standing alone and upon its face this paragraph was erroneous in so far as it had adopted the language of the defendant's request. It did not give the jury the correct ground on which the defendant might recover, and in that respect was more favorable to the defendant than the defendant was entitled to have it. But it was in effect just what the defendant had requested. The defendant's counsel, however, passing over that part of the language used by the court which was their own request, although contained

in the same sentence, seek to make a very adroit argument that the other part was erroneous and improper. They say that a direction to the jury to allow these payments, if they were made by the defendant "believing that the plaintiff would credit it with such payments," was equivalent to telling the jury that if these payments were made by the defendant when it did not believe the plaintiff would credit it with them, the payments should not be allowed; and that this was erroneous, because the jury could not be expected to find that the defendant believed the plaintiff would credit it with such payments. This argument proceeds upon what seems to us to be a perversion of the purpose for which these words were used by the court. This clause of the sentence was apparently intended to explain the clause which immediately preceded it. Grammatically it is in apposition with the preceding clause—a part in apposition with the whole—an example illustrating a general statement. The court obviously so intended it, and the jury must so have understood it. To take such a clause and to treat it as though it was a separate and independent instruction to the jury is wholly inadmissible. Besides, it is directly hostile to the request which the defendant had made. If the jury could not be expected to find that the defendant believed the plaintiff would credit it with payments, how could the jury be expected to find that the payments were made in good faith? But perhaps consistency should not be required in a matter of this kind.

If it could be granted that the argument was a legitimate one it is acute and ingenious, so ingenious, indeed, that it is without force. It over-shoots the mark. We feel sure the jury never suspected this clause in the charge to have the meaning which counsel now attribute to it. It is much more likely that the jury understood this part of the charge to be just what it appears on its face to be—a recognition by the court of the request made by counsel, and that the defendant was helped rather than harmed by it. Ordinary jurymen are not indulging in refinements or subtleties. They do not draw one conclusion from a whole sentence and then an en

tirely hostile conclusion from a part of the same sentence when separated from its connection. Reading this part of the charge in connection with the paragraphs that preceded and followed it, we think the jury could not have been misled.

The court further charged the jury that if there was an honest mistake by the parties as to what the contract really was, the plaintiff understanding it as claimed by him and the defendant understanding it as was claimed by its counsel, there was then no meeting of the minds of the parties and hence no contract; and that in such case the plaintiff would be entitled to recover of the defendant, for the work done by him and such materials as he furnished in the work at its request, such a sum as they would be reasonably worth. The defendant objects to this on the ground that there was no *quantum meruit* count in the complaint. This objection cannot be sustained. The bill of particulars was fairly applicable to the count for work and services or to the count for materials furnished. *Vila* v. *Weston*, 33 Conn., 42; *McVane* v. *Williams*, 50 Id., 548.

There is no error in the judgment appealed from.

In this opinion CARPENTER, FENN and THAYER, Js., concurred.

BALDWIN, J., (dissenting.)    In my opinion, the third reason of appeal is well founded.

It was undisputed that the third parties, who furnished the materials, had charged them to the defendant by order of the plaintiff, and that, before the defendant paid them, it was notified by the plaintiff that he would not pay them nor allow the defendant for them if it should pay them. The defendant thereupon asked the court, in substance, to instruct the jury that if the materials were charged to it by the plaintiff's order, and, as between it and the plaintiff, it was the plaintiff's duty to pay for them, the defendant should be allowed what it had paid for them, after crediting them on its books in good faith, notwithstanding such payment was made after notice from the plaintiff that he would not

pay the bills.   The important point thus presented was as to the effect of notice before payment.

The court properly declined to give the charge requested, for, in omitting any direct mention of payment, it was inaccurate in form, and then instructed the jury to allow the set-off, if the plaintiff was liable to pay the bills, and had expressly or impliedly requested the defendant to pay them on his account, or had consented to such payment; or if the plaintiff was liable to pay the bills, and had had them charged to the defendant, and it had paid them in good faith, believing that the plaintiff would credit it with the amounts so paid; but not to allow the set-off if the defendant paid the bills officiously, without the plaintiff's request and consent, and without his ratification or against his approbation.

An implied request is often a matter of legal fiction.   "If money be paid by a person in consequence of a legal liability to which he is subject, but from which a third person ought to have relieved him by himself paying the amount, a request may be implied."   1 Chitty on Pleading, 350; *Post* v. *Gilbert*, 44 Conn., 9, 14.   In the present case, if the parties furnishing the materials charged, by the plaintiff's direction, to the defendant bills which it was the duty of the plaintiff to pay, in consequence of which the defendant, in good faith, gave them credit for such charges on his books, the law would raise an implied request from the plaintiff to the defendant to pay them; and this legal consequence of such a state of facts should, I think, have been stated to the jury, in explanation of the phrase "impliedly requested." Such an implied request is unaffected by any declaration to the contrary on the part of the party against whom it is implied.   It seems to me, therefore, that the charge was erroneous in making the right of set-off dependent on the defendant's belief, at the time of its payments, that such payments would be credited to it by the plaintiff.   In the face of an express notice given by the plaintiff that, if the defendant paid the bills, he would not repay the defendant, the defendant could not have believed that the plaintiff would give it credit for them, while yet it might well believe that

the law would compel him to allow them in account, though paid " against his approbation."

The majority of the court regard the clause in the charge as to the defendant's belief as simply giving an example of what would constitute or indicate good faith in making the payments. But if the instructions in regard to good faith required any illustration by example, it seems to me insufficient, if not misleading, to rely on that given alone. Good faith could equally have been shown by payment under an honest belief that the law would enforce reimbursement, though no credit were given on the plaintiff's books, and the defendant knew that he would withhold or even had refused his approbation.

I think that the jury should have been instructed as to the effect of the notice not to pay, given before payment, and that the instructions given, bearing on this point, as to the plaintiff's request or approbation, and the belief of the defendant, were such as may have served only to direct attention to matters not decisive of the issue.

I am, therefore, of opinion that a new trial should be granted.