MICHAEL GAY, DEFENDANT IN ERROR, v. HUGH MOONEY, ADMINISTRATOR OF HUGH MOONEY, DECEASED, PLAINTIFF IN ERROR.

Submitted July 5, 1901—Decided November 11, 1901.

1. In an action against an administrator to recover compensation for board and lodging furnished to the intestate, the plaintiff may prove an oral bargain between himself and the decedent that the latter would devise a dwelling-house to the plaintiff's children as compensation for the service to be rendered. Such a bargain, not being enforceable at law because of the statute of frauds, nevertheless shows that the service was not a gift, but was to be paid for.

2. Although the stipulated payment was to be made to the plaintiff's children, yet as the stipulation cannot be legally enforced, the legal right to payment is that which the law deduces from the fact that one person has served another, not gratuitously, viz., a right in the servant to be paid by the employer the fair value of the services.

On error to the Middlesex Pleas.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff in error, *Theodore B. Booraem.*

For the defendant in error, *Freeman Woodbridge.*

The opinion of the court was delivered by

DIXON, J. The defendant's intestate was the uncle of the plaintiff's wife, and for several years before his death resided in the plaintiff's family. In the present suit the plaintiff sought to recover compensation for the board and lodging furnished to the deceased.

In order to rebut a presumption that the service was rendered and received as a gratuity, the plaintiff put in evidence tending to show an understanding between himself and the deceased that the latter would devise a certain dwelling-house to the plaintiff's children in return for what he should receive as a member of the family.

For such a purpose this evidence was plainly legitimate; it came within the rule laid down in *Disbrow* v. *Durand,* 25 *Vroom* 343, that in cases like the present a reasonable and proper expectation that there would be compensation must, and hence may, be shown. The bargain thus exhibited is not one on which an action at law could be maintained, because it related to land, and was not susceptible of such proof as the statute of frauds requires; but when, in pursuance of a bargain, for this reason unenforceable, services have been rendered, the legal remedy is by an action on the *quantum meruit* for the value of the services. *McElroy* v. *Ludlum,* 5 *Stew.*

*Eq.* 828. As was said in *Slone* v. *Todd,* 20 *Vroom* 274, 281, the intended devise was but the method of paying an admitted obligation, and, if payment in that manner be not made, the creditor is entitled to recover the value of the services.

Although the bargain between the plaintiff and the intestate contemplated payment to be made to the plaintiff's children, and not directly to himself, yet, as that bargain did not take the form of an actionable contract, it falls out of view as a ground of legal remedy, and appears only to give color to the conduct of the parties in furnishing and accepting the service rendered. It affords the means of determining that the service was not a gift, but a sale, and out of that determination the law deduces a right in him who sold the service to be paid its value by him who bought it.

These principles sufficiently answer the important exceptions taken at the trial and all the exceptions mentioned in the brief of counsel. The other exceptions, therefore, need not be noticed.

The judgment of the Middlesex Pleas is affirmed.