———o———

## No. 5973.

## STATE EX REL. MUTUAL BUILDING AND HOMESTEAD ASSOCIATION vs. RECORDER OF MORTGAGES.

### Syllabus

One who furnishes materials at different times, of different qualities, and sizes, of different price, or who sets up a series of claims must record "A detailed statement of the amount due," in order to secure his privilege under Art. C. C., 3272; but when the privilege results from a contract to perform one specific work for a gross sum, a statement of the contract price, and of the credits and balance due, giving the date and nature of the contract, with whom made, for what particular work, and the quality thereof, the building upon which the work was done, the name of the contractor, and of the owner, is a sufficient compliance with the law, because the claim is not susceptible of a more detailed statement.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 97,068. Hon. E. K. Skinner, Judge.

R. H. Marr, for plaintiff and appellant.

E. D. Saunders, Fred C. Marx, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit to cancel from the books of the Mortgage Office an inscription in favor of the Ludewici-Celadon Company on the ground that said inscription does not contain "a detailed statement of the amount due," as required by Article C. C., 3272.

The facts of the case are that relator entered into a contract with R. W. Markel to erect certain buildings. Markel then made a sub-contract with the Ludowici-Celadon Company, embodied in the following correspondence:

"Mr. R. W. Markel:

"We propose to furnish and lay in place on the roof of Mrs. L. W. Daspit our tile in natural color, including; Nine pieces glass tile, H 11 hip rolls, S 11 hip starters, C 24 ridge 15 pieces to be ventilated, C 24 closed ends and 235 terminals complete for said roof in accordance with plans of H. J. Mackenzie, architect, as submitted to us 1-22-10 for the sum of six hundred ($600.00) dollars.

"Yours truly,

"Ludewici-Caladon Company."

"Accept the above proposal.

"R. W. Markel."

The Ludowici-Celadon Company did not record the above "act containing the bargain they had made," but instead recorded the following affidavit, viz:

"Before me, the undersigned authority, personally came and appeared Frank Bethune, who being first duly sworn according to law, deposes and says: That he is the local manager of the Ludowici-Celadon Company; that on April 9, 1910, the Ludowici-Celadon Company entered into a contract with R. W. Markel to furnish and install the tile roof on the premises below mentioned; that this contract has been complied with, all the labor and material needed to complete said contract has been actually used in the construction of the building; that there are no offsets or credits of any kind or character to said account except such payments as mentioned, and that there remains unpaid $300.00. Total contract being for $600.00, on which $300.00 has been paid; that this affidavit is made and lien filed to preserve affiant's material man's lien and privilege for $300.00 upon said lots and buildings thereon, said property forms the downtown wood corner of Eleonore and Hurst streets, in square bounded by Eleonore, Hurst, Nashville and St. Charles avenue, New Orleans, owner being the Mutual Building and Loan Association, or Mrs. W. L. Daspit, wife of Henry Daspit."

The relator contends that this affidavit does not contain "a detailed statement of the amount due," and is therefore not such an inscription as is required by Article C. C., 3,270.

This article reads as follows:

"Subcontractors; * * * preserve their privilege only in so far as they have recorded with the Recorder of Mortgages in the parish where the property is situated the act containing the bargains they

— 108 —

have made, or 'a detailed statement of the amount due,' attested under the oath of the party doing or having the work done, etc.''

We think the recording of the affidavit in the terms therein used was a sufficient compliance with the law. The contract was for the construction of a roof for a gross sum of $600.00. The affidavit recorded attested the date and nature of the original contract, with whom made, for what particular work and the quality of the work, the building upon which the work was to be done, the name of the contractor and of the owner, and the price $600, and that after $300 had been paid on account there remained unpaid $300.

The affidavit recorded was not susceptible of a more detailed statement, particularly as the $300 were paid at one time and in a lump sum.

We have examined the three cases relied on by relator of Bank vs. Naples, 119 La., 41, State, ex rel., Prager vs. Recorder, 28 A., 534, and Hale vs. Wills, 3 A., 507.

The first was a claim for the sale of such a quantity of lumber as might be necessary to erect defendant's residence.

The plaintiff recorded a statement of the total amount of lumber furnished $2,830.12 subject to a credit of $640.28. The Court was of the opinion that the plaintiff should have recorded a "detailed statement" showing the date, quantities, quality, and price, of all the lumber furnished. The amount of $2830.12 was certainly composed of very many items and was susceptible of a "detailed statement."

The second case was a claim by a contractor for extra work and for damages, and the Court said it did not con-

tain a "detailed statement" of the amount due. In other words it was vague and ambiguous.

The case of Hale merely tells us that a statement containing the quantities, dates, and sums satisfies the statute.

The above cases prescribe the requirements of a "detailed statement" of a claim embodying a series of items of articles furnished, or of sundry works performed susceptible of an itemized bill, but do not apply to a single contract, for single work, for a stipulated price.

We think the judgment of the lower Court is correct, and it is therefore affirmed.

Judgment affirmed.