JOHN T. KEARNS vs. JOSEPH W. ANDREE.

First Judicial District, Hartford, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

An oral contract for the purchase of real estate which provides that
the purchaser shall assume a bank mortgage of $4,500, but which
fails to describe the terms and conditions of the mortgage debt
or to disclose the identity of the mortgagee, is too indefinite
and uncertain to be enforced, even though it is removed from
the statute of frauds by sufficient acts of part performance.

Whether the acts of a seller in altering and finishing an uncom-
pleted dwelling-house to meet the wishes of a buyer, and in
removing trees from the lot at his request, are sufficient to
take an oral contract for its purchase out of the statute of
frauds, quaere.

The basis of recovery upon an implied contract, which is frequently
allowed to a plaintiff in situations arising out of unenforceable
express agreements, rests, in many instances, upon the benefit
accruing to the defendant, as where a vendee of real estate,
upon his own initiative, makes improvements upon the land
in reliance upon an oral contract which the vendor refuses
to perform, or where such improvements are made by one in
the honest but mistaken belief that he is owner of the premises,
or where there has been substantial, but not full, performance
of a contract and the default is not wilful.  But, in other cases,
neither the presence nor the extent of benefit to the defendant
is of controlling significance, provided the plaintiff, in good
faith and in the belief that a valid contract existed, rendered
services or furnished materials at the defendant's request in the

Kearns v. Andree.

expectation, shared by the defendant, that compensation would be made for them, as, for example, where full performance of the contract has been prevented by the defendant himself, or there has been a rescission of the contract during the course of performance, or a building in the course of construction under a contract has been destroyed by fire, or services have been rendered under a promise of compensation by will, or where, as in the present case, the plaintiff incurred expense in altering a dwelling-house under a contract of sale which was void because its terms were too indefinite to be enforced.

Although the plaintiff was entitled to recover such expense less the benefit which accrued to him from the alterations, he could not charge the defendant with the cost of repapering and repainting the house made necessary in order to effect a sale to a third party.

Argued October 7th, 1927—decided January 6th, 1928.

ACTION to recover damages for alleged breach of contract by the defendant to purchase real estate from the plaintiff, brought to the Court of Common Pleas for Hartford County and tried to the court, *Molloy, J.;* judgment for the plaintiff for $167, and appeal by the defendant. *Error and new trial ordered.*

*Louis M. Schatz,* with whom, on the brief, was *Nathan A. Schatz,* for the appellant (defendant).

*John J. Burke,* for the appellee (plaintiff).

MALTBIE, J.   The plaintiff was the owner of a lot of land at the corner of Prospect and Edwards streets in the town of East Hartford, on which stood a dwelling-house then in the process of construction but practically finished.  In the rear of the land upon which this house stood, he owned other land upon which another house was located.  He and the defendant entered into an oral contract whereby, as it is stated in the finding, "the defendant agreed to purchase the house and lot at the corner of Prospect and Edwards streets at a price of $8,500, it being agreed the de-

fendant should assume a first mortgage of $4,500, a bank mortgage, and pay $4,000 in cash." This mortgage was not then in existence, but the plaintiff promised to obtain it, there being no agreement, however, as to the identity of the mortgagee or as to its terms.

The defendant thereafter became dissatisfied with his purchase, but finally agreed to stand by the bargain, if certain alterations were made in the house, if it was finished in a certain way, and if certain trees standing upon the lot were cut down. The plaintiff proceeded to make the changes and finish the house as desired by the defendant, and to cut down the trees, and he also secured a bank mortgage upon the premises in the sum of $4,500. The defendant, however, refused to complete the purchase. The way in which the house had been finished at the defendant's request made the premises less salable, but the plaintiff finally secured a purchaser for the price of $8,250, after, to meet this purchaser's desires, he had repainted the house a different color and repapered certain rooms. The plaintiff brings this action to recover the expenses to which he was put in order to finish the house to meet the defendant's wishes, and thereafter, to adapt it to the desires of the purchaser, and also to recover the difference between the price agreed to be paid by the defendant and that for which the house was finally sold.

The trial court reached the conclusion that the acts of the plaintiff in finishing the house were sufficient to take the case out of the statute of frauds, but that the agreement between the plaintiff and defendant was too indefinite to be enforceable, because the land sold was not sufficiently identified and because the agreement as to the mortgage to be secured and assumed by the defendant did not specify either the identity of the mortgagee or the terms it was to contain; and it gave

judgment for the plaintiff to recover the value of the
trees cut and the cost of repainting and repapering
to meet the desires of the ultimate purchaser.

If the trial court was right in its conclusion that the
agreement was too indefinite to be enforced, it be-
comes of no moment whether the acts done by the
plaintiff were sufficient part performance to take the
case out of the statute of frauds.  The finding, par-
ticularly when read in the light of the memorandum
of decision made a part of it, does not present the situ-
ation with reference to the land and houses owned by
the plaintiff in such a way as to afford any satisfactory
basis for a review of its conclusion that the premises
sold were not sufficiently described so as to make the
agreement definite enough to be enforceable.  But its
conclusion as to the indefiniteness of the provision con-
cerning the mortgage which the plaintiff was to secure
is clearly sound.  In *Griffin* v. *Smith,* 101 Conn. 219,
125 Atl. 465, we had before us an oral agreement for
the sale of land, in which it was provided that the
price was to be $2,850, of which $850 was to be paid in
cash and the balance secured by mortgage; and we
there said: "The defendants claim that the parol con-
tract . . . is too indefinite to be enforced, in that the
contract did not provide when the $2,000 to be left
on mortgage was to become due.  This claim we sus-
tain."  In *Platt* v. *Stonington Savings Bank,* 46 Conn.
476, we had before us an agreement between a sav-
ings-bank which was foreclosing a mortgage upon cer-
tain premises and a second mortgagee that, on failure
of redemption, the bank would convey the land to
him and that he would pay the accrued interest on the
debt and secure the principal by a mortgage upon the
real estate conveyed, without any specification of the
length of time the mortgage was to run; and we said:
"How long is it to remain?  No time is mentioned.

How shall the court decree as to the time the loan should remain when the contract is silent on the subject? The court can make no contract for the parties; they must stand or fall upon the contract they have made, and this contract is clearly void for uncertainty in this particular."

The case is then one where the plaintiff seeks to recover the expense and loss which he has incurred in reliance upon the performance by the defendant of an agreement unenforceable because too indefinite in its terms. That in such a case recovery may often be had admits of no doubt. *Rowland* v. *New York, N. H. & H. R. Co.,* 61 Conn. 103, 111, 23 Atl. 755; *Collins* v. *Richmond Stove Co.,* 63 Conn. 356, 363, 28 Atl. 534; *Varney* v. *Ditmars,* 217 N. Y. 223, 231, 111 N. E. 822; note, 26 L. R. A. (N. S.) 810. But the work done and the expenditures made by the plaintiff to adapt it to meet the wishes of the defendant in the instant case have been of no benefit to the latter and his main contention is that the basis of a recovery in such cases is the benefit conferred. Several decisions might be cited in which it has been so held. No doubt there are cases where, to support a recovery, it must appear that benefit has accrued to the defendant. For instance, such is the rule where a vendee of real estate has made improvements upon the land in reliance upon an oral agreement of sale and upon his own initiative, but the vendor refuses thereafter to carry out the agreement; *Wainwright* v. *Talcott,* 60 Conn. 43, 52, 22 Atl. 484; so where one, in the honest belief that he is the absolute owner of property, makes improvements thereon, he is entitled to an allowance of their fair value in a suit to foreclose a mortgage on the premises. *Ensign* v. *Batterson,* 68 Conn. 298, 307, 36 Atl. 51. Within the same category fall, perhaps, those actions wherein a plaintiff who has substantially but not fully per-

formed a contract is yet in certain circumstances permitted to recover for the work he has done.   We have stated the rule applicable in such a case in this way: "The plaintiff, not being found to have been in wilful default, had a cause of action for the reasonable value of the work and materials so furnished, estimated with reference to the contract price, and to the resulting benefit to the defendant, provided she appropriated that benefit under circumstances sufficient to raise an implied promise to pay for it." *Jones & Hotchkiss Co.* v. *Davenport,* 74 Conn. 418, 420, 50 Atl. 1028; see also *Gillis* v. *Cobe,* 177 Mass. 584, 59 N. E. 455.

But there are other cases wherein a plaintiff, who cannot bring an action upon a special contract for some reason other than his own fault, is permitted a recovery for the reasonable value of the services which he has performed, without regard to the extent of the benefit conferred upon the other party to the contract. Examples are those where the defendant has himself prevented full performance of the contract; *Valente* v. *Weinberg,* 80 Conn. 134, 67 Atl. 369; or where there has been a rescission of the contract during the course of performance; *Young* v. *Shetucket Coal & Wood Co.,* 97 Conn. 92, 94, 115 Atl. 672; or where a building which is in the course of construction under a contract is destroyed by fire; *Goldfarb* v. *Cohen,* 92 Conn. 277, 284, 102 Atl. 649; or where one has agreed to perform personal services for another during the latter's life upon a promise of compensation by will and dies before that other; *Leahy* v. *Cheney,* 90 Conn. 611, 98 Atl. 132; or where services have been performed by one who has been promised compensation by will, or by an heir, who has been promised that no will would be made.   *Grant* v. *Grant,* 63 Conn. 530, 29 Atl. 15; *Schempp* v. *Beardsley,* 83 Conn. 34, 75 Atl. 141; *Downey* v. *Guilfoile,* 96 Conn. 383, 114 Atl. 73.

The rationale of these decisions is best seen in the latter class of cases, where a special promise to make compensation by will is unenforceable by reason of the statute of frauds. In such a case the services have been performed at the request of him for whom they were done and in the expectation that compensation would be made for them, to his knowledge and with his acquiescence. In the absence of any special contract, the law would in such a situation imply an agreement that reasonable compensation should be made. The basis of that implication is that the services have been requested and have been performed by the plaintiff in the known expectation that he would receive compensation, and neither the extent nor the presence of benefit to the defendant from their performance is of controlling significance. *General Hospital Society* v. *New Haven Rendering Co.,* 79 Conn. 581, 65 Atl. 1065; *Taylor* v. *Robertson Co.,* 85 Conn. 504, 83 Atl. 534. If there were a valid and subsisting special contract, that would control; but where, though an attempt has been made to bring about such a contract, it has proved unavailing, the attempted contract is ordinarily of no consequence save as it shows the expectation of the parties that compensation for the services was to be made. It therefore leaves unimpaired the legal implication arising out of the rendition of the services upon request and in the known expectation of receiving compensation therefor. The measure of recovery is the reasonable value of the services performed, and not the amount of benefit which actually accrued from them to him for whom they were performed. *Grant* v. *Grant,* 63 Conn. 530, 542, 29 Atl. 15; *Gay* v. *Mooney,* 67 N. J. L. 27, 50 Atl. 596.

The same principles apply where the parties have attempted to make a contract which is void because its terms are too indefinite, but where one party has,

in good faith and believing that a valid contract existed, performed part of the services which he had promised in reliance upon it.   He has performed those services at the request of the other party to the contract and in the expectation, known to the other, that he would be compensated therefor.   Here is a sufficient basis for an implication in law that reasonable compensation would be made.   The attempted special contract being void, there is nothing to overcome that implication.   *Vickery* v. *Ritchie,* 202 Mass. 247, 88 N. E. 835.   The situation is therefore one recognized by the law as falling within the underlying principle of implied contracts, which, in the various situations we have noted and no doubt others, places a legal obligation upon one to do that which in equity and good conscience he ought to do.   *Fischer* v. *Kennedy,* 106 Conn. 484, 492, 138 Atl. 503.

The sums allowed to the plaintiff for the repapering and repainting which was done after the defendant refused to purchase do not fall within the principles applicable to the case; to allow them in this action would be in effect to permit a recovery upon an unenforceable contract, which may not be done.   But if the work done on the property to adapt it to the desires of the defendant was done under the terms of an oral agreement for the sale of the premises, in good faith and in the honest belief that the agreement was sufficiently definite to be enforced, the plaintiff is entitled to recover reasonable compensation therefor.   In fixing the amount of that compensation, however, a proper deduction must be made for any benefit that has accrued to the plaintiff himself by reason of the work he did upon the premises at the defendant's request.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.