## DYSART et al. v. REMINGTON RAND, Inc. (two cases).

### Nos. 3978, 3979.

District Court, D. Connecticut.

March 7, 1940.

Butler, Howard & Campbell, of Hartford, Conn. (Robert P. Butler, of Hartford, Conn., of counsel), for plaintiffs.

George H. Cohen, of Hartford, Conn., for defendant.

MOSCOWITZ, District Judge.

This motion by plaintiffs, attacking the sufficiency of the defenses numbered "Second" to "Thirteenth", was held to be properly made in an opinion heretofore rendered in this matter by Judge Hincks, D.C., 31 F.Supp. 296, filed Decem-

478

ber 29, 1939, and the propriety thereof is not open to question here. The following disposition with respect to the sufficiency of these defenses is made, reference to each being in accordance with the numbered designations in the answer:

"Second"—The defense that the agreement referred to in the complaint is not in writing and therefore unenforceable under the Statute of Frauds relied upon (Connecticut General Statutes, Title 58, Ch. 318, Sec. 5983) is not well taken as it clearly appears that the cause of action is not based upon the express contract, but rather in quantum meruit. Whether an agreement obnoxious to the Statute of Frauds is void or merely unenforceable, one who has partly performed the agreement and who is not in default in continuing performance should be compensated if the other refuses to perform. Williston on Contracts, Revised Edition, Volume II, Sec. 534; Restatement of the Law, Contracts, Section 355. The principle is founded upon equity and is not shown to be opposed to Connecticut law. Cf. Kearns v. Andree, 107 Conn. 181, 139 A. 695, 59 A.L.R. 599, and cases therein cited. The allegations of the complaint show unjust enrichment on the part of defendant and the Statute can not be interposed to preclude recovery upon such theory of action. The defense is insufficient.

"Third" and "Fourth"—Defendant's previous claim of ownership of the patent based upon an alleged duty and custom as set forth in the suit heretofore instituted by it, and withdrawn upon its motion without prejudice, is not sufficient basis for precluding the interposition of these defenses. There is an implied concession upon the part of plaintiffs that defendant could have asserted these claims in the former suit along with that actually interposed, and no controlling authority is cited requiring the application of the doctrine of judicial estoppel as a bar to the present defenses under the circumstances disclosed by the pleadings. These defenses are sufficient.

"Fifth" and "Sixth"—In these defenses defendant alleges that when defendant purchased the Dalton Company's assets and assumed its liabilities, it was agreed between the companies that only those liabilities listed by the Dalton Company and appearing on its records were intended to be assumed, no notice of the Dysart claim was given and hence his claim was not covered by the so-called assumption contract. Further, that the plaintiffs cannot claim as third party beneficiaries because the Dysart claim is not specifically mentioned in the assumption agreement.

The contract before the Court, embraced by the pleadings, is plain and unambiguous. The apposite provision states: "On the execution and delivery by Dalton to Remington-Rand of proper and valid conveyances, assignments and bills of sale transferring title to the above described property, Remington-Rand shall assume all obligations and liabilities of Dalton, immediate and contingent, of whatsoever nature * * *." Discussion of these defenses is not required beyond the statement that no pertinent authority or reason is presented to the Court requiring a rejection of the holding in Silver King Coalition Mines Co. v. Silver King C. M. Co., 204 F. 166, 168, 174, Ann.Cas.1918B, 571, as applicable to the defenses in the manner pleaded. There it was said: "By the plain terms of the contract the grantee agreed to pay all the debts and obligations of the grantor. It was not a contract to pay all the debts and obligations of the grantor listed or named in the agreement, for none was listed or named, nor all except those unknown to the grantee, nor all the debts and obligations of the grantor except the obligation to pay for one-half of the ore which the grantor extracted from the Vesuvius claim; and because the grantee, at the time it made the contract with the grantor, had the opportunity to require the insertion of any of these limitations and exceptions it desired in its contract, and it did not do so, but permitted and induced the grantor to join in and perform it in reliance upon the grantee's promise to pay all its debts and obligations without exception, it is now estopped from importing into its promise by construction any of these limitations or exceptions."

The holding is no less applicable because Dysart was not specifically mentioned in the assumption contract. "It is not essential to the creation of a right in a * * * * creditor beneficiary that he be identified when a contract containing the promise is made." Restatement, Contracts, Sec. 139, I. 165; Dresser & Sons, Inc. v. Insurance Companies, 101 Conn. 626, 126 A. 912. These defenses are accordingly held insufficient.

"Seventh" and "Eighth"—These defenses are based upon fraud and estop-

pel. The allegations are to be taken as true for purposes of this motion and argument necessarily predicated upon denials as to the truth of the allegations or any part thereof must be ignored. Accordingly, it cannot be held as a matter of law that the defenses are insufficient, assuming, as alleged, that Dysart was an officer of the Dalton Company when the sale to the defendant was made, knew all the details of the merger and knew defendant believed it was procuring the patent and would not buy the Dalton Company without it. The legal effect as to Dysart's duty and obligation to the defendant under the circumstances need not be pleaded. A liberal construction of the defenses requires a holding that sufficient is stated therein to deny this branch of the motion. See Moore v. Waterbury Tool Co., 124 Conn. 201, 199 A. 97, ·116 A.L.R. 564; Mitchell v. Leavitt, 30 Conn. 587; Taylor v. Ely, 25 Conn. 250. These defenses are sufficient.

"Ninth"—This defense, relating to the plaintiffs' performance, is not to be rejected upon the ground that the action is in quantum meruit. Whenever in a given jurisdiction the express agreement is unenforceable, the limitations on the quasi contractual rights of a plaintiff in default thereunder should be the same as if the express contract was enforceable. Williston on Contracts, Vol. 2, Sec. 538. The defense finds support in this proposition and in the absence of pertinent authority to the contrary, is held sufficient.

"Tenth"—This defense with respect to the alleged lack of authority of the individual Dalton cannot in any event limit the quasi contractual rights of plaintiffs based upon unjust enrichment, and is accordingly held insufficient. The proposition considered in connection with the "Ninth" defense is not deemed applicable to this defense as pleaded.

The last three defenses "Eleventh", "Twelfth", and "Thirteenth", respectively, relating to so-called statutory and equitable bars to the action, are insufficient for failure to contain essential allegations with respect thereto.

In passing, it is not inappropriate to point out that the disposition here with respect to the defenses deemed insufficient does not prejudice defendant to the extent it has implied upon argument. Thus, for example, a variance of proof by plaintiffs upon the trial may require a con-

sideration of these defenses as proper under the circumstances, and the holding here does not eliminate this possibility for all purposes.

The defenses numbered "Third", "Fourth", "Seventh", "Eighth" and "Ninth" are held sufficient on their face and the remaining defenses are held insufficient.