## Burridge v. Ace Storm Window Company, Inc.

*William J. Madden, Jr.,* for plaintiff.
*John H. Bream,* for defendant.

SMITH, J., July 18, 1949.—Plaintiff filed his complaint in assumpsit to recover the sum of $2,850, with interest, for alterations and improvements alleged to have been made by him to adapt his factory for the assembling of storm windows for defendant. To this complaint, defendant filed preliminary objections which are now for disposition.

The material allegations of the complaint are as follows: In response to an advertisement inserted by defendant on May 31, 1947, in a Harrisburg news-

paper, plaintiff met with a representative of defendant and discussed with him the availability of plaintiff's factory located in Hummelstown for the assembling of aluminum storm windows, the materials for which were to be furnished by defendant. Thereupon, after an inspection of plaintiff's factory, defendant by its duly authorized officers promised plaintiff that if he made certain alterations to and installed certain special equipment in his factory required for the above purpose, it would supply him with sufficient material for the assembling of from 1,000 to 3,000 storm windows per day under an agreement whereby plaintiff would pay for the material when received at a price to be fixed between the parties and thereafter, upon delivery of the assembled storm windows to defendant or a designated customer, defendant would pay plaintiff a price sufficient to cover all his costs plus a reasonable profit. The final terms of the agreement, however, were to be determined and reduced to writing when plaintiff's factory was ready to go into operation. Plaintiff in reliance on these promises, with the full knowledge and under the direction of defendant's duly authorized officers, made the necessary alterations to his factory and purchased and installed the required equipment. Thereafter, on or about August 30, 1947, plaintiff advised defendant's officers that he was ready to begin operations and met with them to agree upon and execute the written contract. However, defendant then and there, and at all times thereafter, refused so to do or to have any further dealings with plaintiff. Plaintiff further alleges that the alterations thus made and the special equipment thus purchased and installed by him are and can be of use only for the specified purposes intended and that because of the failure of defendant to carry out its agreement, the amount thus expended by him, to wit, the sum of $2,850, is a complete loss for which he now claims restitution.

The chief ground relied upon in defendant's preliminary objections is a demurrer to the complaint. None of the other grounds therein pleaded will be here considered since the same were not pressed in the brief filed by defendant with this court. Defendant's position in support of its demurrer is that plaintiff has not stated a good cause of action in that the facts averred in his complaint amounted to no more than negotiations between the parties which never ripened into a contract; that even though, at defendant's specific instance and request and with its knowledge, plaintiff made certain alterations and improvements to adapt his factory for the assembling of storm windows and thereby incurred certain expenditures, such expenditures were made with the expectation of securing prospective business from defendant; and that merely because no contract for such expected business materialized, plaintiff, under the facts as pleaded by him, is not entitled to be reimbursed by defendant for the improvements or any of them thus made by him to his own factory and of which defendant received no benefit.

The position of defendant that the transactions between the parties merely amounted to negotiations looking toward the making of a contract is without merit. It is true that a preliminary oral agreement which contemplates the reduction thereof to writing is not binding unless the parties intended the agreement to become operative before execution and without regard to the writing: Edgcomb v. Clough, 275 Pa. 90, 103. However, since plaintiff in the first instance and solely in reliance on defendant's promise to thereafter do certain things made the expenditures in question to adapt his factory to defendant's requirements, we think that defendant is estopped from now taking the position that the parties did not intend the agreement pleaded by plaintiff to become operative

until reduced to writing. To hold otherwise would completely nullify defendant's promise upon which plaintiff was induced to act to his detriment. On the contrary, the adaptation by plaintiff of his factory to defendant's requirements was an integral part of defendant's promise to thereafter do certain things. Accordingly, we have no difficulty in finding that the parties intended the agreement pleaded by plaintiff to become operative when made prior to the reduction thereof to writing.

Plaintiff in his complaint pleads that in reliance on defendant's promise he did adapt his factory solely for defendant's specialized purpose. He further pleads that when defendant repudiated its promise to thereafter enter into the written agreement the expenditures thus made by him were a total loss. Manifestly plaintiff has incurred a detriment on the faith of defendant's repudiated promise. Why, then, in equity and good conscience, should defendant not be required to compensate plaintiff for his loss in incurring said expenditures especially since presumably defendant benefited thereby in that with no outlay on its part it induced plaintiff by its promise to equip his factory at his sole cost and expense for the purpose of assembling defendant's products? [1]

Generally the object to be obtained in proceedings for restitution is the prevention of unjust enrichment of defendant and the securing for plaintiff of that to which he is justly and in good conscience entitled: Gladowski v. Felczak, 346 Pa. 660. The Pennsylvania

---

[1] Plaintiff's action is not predicated on defendant's refusal to enter into the written agreement which was too indefinite in its terms to be enforcible (Edgcomb v. Clough, 275 Pa. 90, 103), but upon a quasi or constructive contract or a contract implied in law whereunder to avoid injustice a duty is imposed on defendant to compensate plaintiff for the expenditures made by him in reliance on defendant's promise which it repudiated: Hertzog v. Hertzog, 29 Pa. 465. See also 12 Am. Jur. §§4, 5 and 6.

cases cited and relied upon by plaintiff apply this principle.

Does the fact that in the case at bar plaintiff at defendant's direction and with its approval made the alterations and improvements in question to his own factory and not to that of defendant preclude him from any recovery on account of the expenditures, now said to be a total loss, incurred by him in reliance upon defendant's promise? We think not.

Thus in Kearns v. Andree, 107 Conn. 181, 139 Atl. 695, 59 A. L. R. 599, plaintiff, the owner of certain real property, made a contract to sell the same to defendant. This contract was unenforcible by reason of indefiniteness. However, defendant agreed to stand by his bargain provided plaintiff made certain repairs and improvements to the said property. After these were made defendant refused to perform. Nevertheless, although the repairs and improvements were all made on his own property, plaintiff was permitted to recover for the reasonable value of the services thus performed and the materials furnished by him with proper deduction for any benefit that may have accrued to him by reason of his said expenditures. On this question the court said:

"He (plaintiff) has performed those services at the request of the other party to the contract, and in the expectation, known to the other, that he would be compensated therefor. Here is a sufficient basis for an implication in law that reasonable compensation would be made. The attempted special contract being void, there is nothing to overcome that implication. Vickery v. Ritchie, 202 Mass. 247, 26 L. R. A. (N. S.) 810, 88 N. E. 835. The situation is therefore one recognized by the law as falling within the underlying principle of implied contracts, which, in the various situations we have noted, and no doubt others, places

a legal obligation upon one to do that which in equity and good conscience he ought to do. Fischer v. Kennedy, 106 Conn. 484, 492, 138 Atl. 503."

Also see note in 59 A. L. R. 604 on the right of an owner to recover for work and material expended on his own real property in reliance upon a void or unenforcible contract for its rental or sale.

Again in Fried v. Fisher et al., 328 Pa. 497, Mr. Justice Stern, speaking for the Supreme Court, said, pp. 500-501:

"But just as the law has consistently upheld the doctrine that, under given circumstances, a person may be estopped by his conduct, his statements, or even his silence, if another has thereby been induced to act to his detriment, so from the earliest times there was recognized the principle that an estoppel might similarly arise from the making of a promise, even though without consideration, if it was intended that the promise be relied upon and in fact it was relied upon, and a refusal to enforce it would be virtually to sanction the perpetration of fraud or result in other injustice. In his 'Lectures on Legal History', Professor Ames says (p. 143) : 'That equity gave relief, before 1500, to a plaintiff who had incurred detriment on the faith of the defendant's promise, is reasonably clear, although there are but three reported cases.' In Pillans v. Van Mierop, 3 Burr. 1663, a promissory estoppel, although not so termed, was held sufficient by Lord Mansfield and his fellow judges in 1765: Kellogg, J., dissenting opinion, in Allegheny College v. National Chautauqua County Bank, 246 N. Y. 369, 381. This principle is now formulated in section 90 of the Restatement of the Law of Contracts as follows: 'A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is

binding if injustice can be avoided only by the enforcement of the promise.' In recent years there has been adopted the phrase 'promissory estoppel', and this nomenclature is well chosen as indicating that the basis of the doctrine is not so much one of contract, with a substitute for consideration, as an application of the general principle of estoppel to certain situations."

In the instant case defendant's promise was one intended and likely to induce and did induce action on the part of plaintiff of a definite and substantial character. Further, the circumstances are such that injustice can be avoided only by the enforcement of an implied agreement on the part of defendant to reimburse plaintiff for the loss thus sustained by him when defendant elected not to stand by its promise. To hold otherwise would, in our opinion, be repugnant to every sense of justice and fair dealing. Accordingly, we find that plaintiff has stated a good cause of action.

And now, July 18, 1949, defendant's preliminary objections are hereby overruled with leave to defendant to file an answer to plaintiff's complaint within 20 days.