374 P.2d 309

Milton C. ABRAMS and wife, Lois A. Abrams, Plaintiffs and Appellants,

v.

FINANCIAL SERVICE CO., inc., Defendant and Respondent.

No. 9606.

Supreme Court of Utah.

Aug. 28, 1962.

**344**

Preston & Preston, Logan, for appellants.

Olson & Calderwood, Logan, for respondent.

McDONOUGH, Justice.

Action to recover $500 paid as earnest money in connection with an offer to purchase a home. The defendant counterclaimed for damages and was awarded

$2,000 for his claim. From this judgment the plaintiffs appeal.

On May 24, 1960, the parties entered into an agreement entitled "Earnest Money Receipt and Offer to Purchase," in which the plaintiffs agreed to buy and the defendant to sell a home in Logan, Utah for the sum of $25,250. Plaintiffs deposited the $500 as earnest money and agreed to pay $2,000 "when seller approves sale." The contract recited "Balance to be financed." The home, unfinished at the time the contract was entered into, was completed substantially in accord with an attached sheet which required the sellers to eliminate one upstairs bedroom, change the bathrooms, carpet the house and make other changes to suit the purchasers' desires. The cost of these changes, which were included in the contract price, was $3,250.

In July the parties applied through First Security Bank for a mortgage insurance commitment from the Federal Housing Administration. This necessitated the execution of a second instrument required by FHA which provided as follows:

"It is expressly agreed that, notwithstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the seller has delivered to the

purchaser a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the property for mortgage insurance purposes of not less than $25,250.00, which statement the seller hereby agrees to deliver to the purchaser promptly after such appraised value statement is made available to the seller."

While the application for an FHA appraisal was in process plaintiffs moved into the house. On November 15, 1960, FHA reported that the property did not qualify for mortgage insurance purposes in any amount for various reasons summarized in part as "deficiencies in liability, structural quality resistance to elements and use." Upon hearing of the FHA rejection, plaintiffs decided not to attempt to work out any other financing arrangement and moved out, deciding not to buy. Their reason was that the "salability of property not meeting FHA specifications is limited." Plaintiffs had then lived in the home almost four months.

The trial court found that the FHA amendatory agreement became part of the contract, and that it precluded a decree granting defendant's prayer for specific performance, but that at the time the structural changes were requested, an implied contract arose whereby the plaintiffs became liable, in the event they did not buy, for the additional expenditures less any benefit accruing to the defendant. There was testimony that the house, changed as it was upstairs to meet plaintiffs' specifications from three bedrooms to one large bedroom and a library, was thereby reduced in value and marketability, since few purchasers besides plaintiffs would desire such an arrangement. Based on this, the trial court dismissed plaintiffs' complaint for the $500 earnest money and awarded $2,000 to the defendant under the implied contract and for plaintiffs' four-month occupancy of the house.

On appeal the appellants contend that it was not wrongful for them to obtain changes in the house and that Financial Service cannot claim damages for something to which they consented in the hope of a sale; that in view of the amendatory agreement the defendant should not have been allowed to keep the $500 earnest money; that the evidence shows that FHA financing was the only financing through which it would have been possible for them to purchase the home; and that the obtaining of financing was the responsibility of the defendant.

Respondent argues that the duty to obtain financing was the Abrams' and that their failure to do so was a breach of contract; that the amendatory agreement is invalid due to the statute of frauds; and that when plaintiffs rescinded the contract,

there arose an implied contract under which they were obligated to pay for the changes in the house.

We assume in absence of assigned error that the agreement to purchase was sufficiently definite to be the basis of a valid contract. The connection of the amendatory agreement with the offer to purchase is apparent upon comparison, inasmuch as both are signed by the same parties and recite the same purchase price. Parol evidence was properly admitted to explain the reason for the amendment.

No reason appears why the trial court dismissed plaintiffs' complaint after finding valid the amended agreement under which plaintiffs became entitled to a return of their earnest money upon the failure of FHA to issue an appraisal of the property. Plaintiffs may recover their earnest money in accordance with the parties' contract.

A second question involves defendant's right to recover for expenditures incurred in altering the house for the plaintiffs in anticipation of plaintiffs' performance of the contract. With respect to this right, ample authority exists supporting the proposition that under proper circumstances a vendor or lessor may recover for work and material expended on his own property in reliance on a void or unenforceable contract for its sale or rental.[1] The basis for the recovery is the prospective vendee's request that the property be suited to his needs. Although the vendees here received no benefit from the expenditure and are relieved from performance of the contract, they are not relieved of their promise, which the law implies, to reimburse defendant for the expenditures made in preparing the property for plaintiffs' use. The benefit to defendant's property, if any, is properly a matter in reduction of damages. Plaintiffs' implied promise is not thereby discharged. In addition to the expense of changing the house to suit the plaintiffs' tastes, defendant allowed plaintiffs nearly four months' rent-free use of the house. The trial court correctly included in its $2,000 award a reasonable rental value for that period of time.[2] The findings and judgment were well within the discretion of the trial court. The judgment in defendant's favor is affirmed. The judgment dismissing plaintiffs' claim for a return of their earnest money is reversed. No costs awarded.

WADE, C. J., and CALLISTER, HENRIOD and CROCKETT, JJ., concur.

1. See for example, Minskie's Follies v. Sennes, 206 F.2d 1 (5th Cir. 1935); Kearns v. Andree, 107 Conn. 181, 139 A. 695, 59 A.L.R. 599 (1928); People's National Bank v. Magruder, 77 Fla. 235, 81 So. 440 (1919).

2. Melton v. Amar, 83 Idaho 99, 358 P.2d 855 (1961); McMahon v. Cooper, 70 Idaho 139, 212 P.2d 657 (1949); Rummer v. Throop, 38 Wash.2d 624, 231 P.2d 313 (1951).