## JOHNSON WHOLESALE PERFUME CO., INC.
*vs.*
## AETNA LIFE INSURANCE CO.

Superior Court      New Haven County      File No. 62871

MEMORANDUM FILED JANUARY 4, 1945

*Herman M. Levy* and *William L. Hadden,* of New Haven, for the Plaintiff.

*Cyril Coleman,* of Hartford, for the Defendant.

O'SULLIVAN, J.   On May 18, 1940, the plaintiff entered into a written lease with the defendant, the owner of the realty, located at 318 Main Street, New Britain, the term being for ten years from October 1, 1940.  The lease contained this provision: The lessee shall prepare, renovate and

equip the premises for its own occupancy; lessee shall make all repairs and alterations during the term of the lease, and it is understood and agreed that all repairs and improvements made to said real estate during the term shall immediately become the property of the lessee.

The lease also provided that, prior to the date for taking possession, the plaintiff would make and pay for certain alterations to the property at a minimum cost of $5,000. It was further provided as follows: This lease is subject to cancellation at the option of lessor on ninety days' written notice in the event of a sale of the premises and of the building of which the leased premises are a part ***. In the event that this cancellation privilege is exercised by lessor *** the rental herein provided for shall be waived and abated during such ninety-day period of notice.

On September 17, 1941, the defendant, exercising its right to cancel, notified the plaintiff by letter to vacate by the end of ninety days on the ground that it had sold the property and that the new owner wished to demolish the building. Under protest and by compulsion of the new owner, the plaintiff eventually vacated the premises. It has brought this instant action whereby it seeks to recover, under the first count, on the theory that the defendant has been unjustly enriched and, under the second count, on the theory that the "implied terms" of the lease require its reimbursement for the alterations it has made.

The doctrine of unjust enrichment is essentially equitable, its basis being that it is contrary to equity and good conscience for a person to retain a benefit that has come to him at the expense of another. *Schleicher vs. Schleicher,* 120 Conn. 528. The doctrine has no application to the present case. Granting that the bargain the plaintiff made was not a happy one and that it resulted in a loss, we are confronted with a situation where no unjust advantage was taken by the defendant, initially or any other time, where no confidential relationship existed between the parties, each of whom was perfectly capable of meeting the other on the same intellectual plane, where no fraud was practised nor duress or undue influence employed, and where no accident or mistake controlled the point of view of the plaintiff. In short, there is no basis to summon the doctrine save that a loss was experienced, and with nothing more than that to rely on, the

doctrine is inapplicable. There is always a need to establish that the other fellow received a benefit. No evidence was offered that the defendant obtained a higher price from its sale of the property because of the improvements the plaintiff had made. The absence of such evidence, in itself, is a fatal defect to recovery on this, and I might add, on the second count. *Blasig vs. Blasig*, 123 Conn. 686.

Even were such evidence available, the second count cannot support a judgment. This count attempts to invoke certain "implied terms" of the lease. Of what these terms consist, the plaintiff's brief makes no mention. The fact is that the lease expressly provides that "the lessee shall prepare, renovate and equip the premises for its own occupancy", that it "shall make all repairs and alterations during the term of the lease", and that "all repairs and improvements made to said real estate during the term shall immediately become the property of the lessor." No implied agreement can legally alter these provisions.

However, the plaintiff's brief advances a claim which, if memory serves me right, was not presented during oral argument. The claim appears to be this: the lease does not refer to improvements made prior to the term but only to those after the term began, and hence, the plaintiff should be reimbursed for their cost. It is extremely doubtful if any such theory can be supported by the allegations of the complaint. But that aside, the theory is unsound. At no time, either in oral argument or brief, has the plaintiff asserted ownership of the improvements because of their being personal property. This is due, probably to the incontrovertible fact that the improvements, embracing, as they did, brickwork, piping, flooring, plumbing and the like, were fixtures that became a part of the realty. *Webb vs. New Haven Theatre Co.*, 87 Conn. 129. These fixtures were installed only because the lease so provided. The plaintiff recognizes this. Among the allegations in the first count appears this from the third paragraph: "By the terms of the indenture, the plaintiff as lessee was obligated to make certain alterations to the leased premises, subject to the approval of the defendant, to entail a minimum cost of $5000."

It seems to me apparent that the parties, by what they agreed to in the lease and interpreted by what the plaintiff admits in his complaint, intended that the improvements

which, by the lease, were to become the property of the defendant were those which the plaintiff actually made before the term of the lease began. Consequently, whether they are construed as fixtures or as falling within the agreement of the parties, the same result follows. They belonged to the defendant.

Judgment will enter for the defendant.