## SAMSTAG AND HILDER BROTHERS vs. ALFRED OTTENHEIMER ET AL.

Third Judicial District, Bridgeport, April Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

One partner cannot bind his copartners for goods bought by him for his own separate, individual business, unless such purchase is, really or apparently, within the scope of the partnership undertaking, or is ratified by the other partners after they have learned of the transaction.

In the present case the defendant firm, located at New Haven, was formed to manufacture corsets and things necessary or incident thereto. Its non-active partner conducted a separate, independent business of his own in New York City, where he sold corsets which he purchased from various manufacturers including the defendant. To advertise his goods and increase his sales, he bought certain novelties of the plaintiff, in the name of the defendant firm, to give away as presents to the buyers of his corsets. The other and active partner in New Haven knew nothing about this purchase—which was the first one of its kind—until after it had been made, and then merely wrote to the plaintiff that he would try to induce the person who had ordered the novelties supplied by it to pay for them. The plaintiff acted in good faith and supposed that its novelties were for the partnership, but such was not the fact and it did not appear that the firm ever received any of them or was benefited in any way by the purchase. In an action against the firm for goods sold and delivered, it was *held* that the contract for their purchase was not within the real or apparent scope of the partnership agreement, nor was there any ratification of the transaction upon the part of the active partner in New Haven.

One person cannot be a partner of another with respect to a particular matter unless he acts at one and the same time as both principal and agent; for it is only when this reciprocal relation exists between the persons that there can be a partnership.

Argued April 11th—decided June 2d, 1916.

ACTION to recover the price of merchandise sold, brought to and tried by the Court of Common Pleas in New Haven County, *Booth, Acting-Judge;* facts found and judgment rendered for the plaintiff for

$260, and appeal by the defendant Weil. *Error and new trial ordered.*

The plaintiff is a corporation located in New York City, and is engaged in the manufacture, importation, and sale of fancy goods, novelties, notions and the like. From October 30th, 1909, until December 30th, 1912, the defendants were copartners in the manufacture and sale of corsets at New Haven, Connecticut, under the firm name of Ottenheimer & Weil. The purpose of the copartnership was described in the partnership articles as "the manufacture of corsets and all things necessary and incidental thereto." During this period of copartnership Ottenheimer did no actual work in the partnership, but conducted a separate business in the city of New York, where he was engaged in the sale of corsets, which he purchased from various manufacturers including the defendant copartnership. In this separate business and office the defendant copartnership had no interest.

On December 23d, 1912, the defendant Ottenheimer, while a member of the defendant copartnership, ordered of the plaintiff the goods in question in the name of the firm of the defendants. Pursuant to this order the plaintiff delivered the goods to Ottenheimer in New York between December 23d and December 28th, 1912, and charged the same to the firm of Ottenheimer & Weil of New Haven. The sale and delivery of these goods were made by the plaintiff in good faith and without negligence. These goods were not used in the manufacture of corsets, but were purchased for the purpose of giving them away as Christmas presents to the various buyers of corsets of the New York concern. It does not appear that the defendant Weil had any knowledge of these intended purchases, prior to the time they were made.

Subsequent to the delivery of the goods, bills for the

same were sent by the plaintiff to the defendant copartnership in New Haven, and several letters were received by the plaintiff from the defendant Weil in relation to the account. In none of these letters did Weil deny the partnership liability for the goods purchased. In January, 1913, part of these goods were returned to the plaintiff, for which credit was given to the defendant copartnership. A balance of $233.58 for the goods, so sold and delivered, has·not been paid.

The defendant Weil knew at the time of the sale and delivery of the goods in question that the articles of partnership of the firm of Ottenheimer & Weil were then in force and that his partnership with the defendant Ottenheimer was then in existence. The plaintiff had no knowledge nor reason to believe that the goods purchased were to be used for any other than partnership purposes, by the defendant. Other facts contained in the finding need not be recited, as they are not pertinent to any question discussed in this opinion.

*Samuel E. Hoyt,* for the appellant (defendant Weil).

*Samuel Campner,* for the appellee (plaintiff).

RORABACK, J. One of the principal questions presented by the reasons of appeal is whether Ottenheimer, by virtue of his authority to represent the firm of Ottenheimer & Weil, could, in a transaction such as the record discloses in this case, make a contract binding upon the partnership in New Haven. It cannot be seriously claimed that this contract was within the scope of the partnership business of the defendant. It had nothing to do with the manufacture and sale of corsets in New Haven, in which the defendant company was engaged. It was not a company matter in regard to which each partner would, in his actions,

represent himself and the defendant copartnership. This copartnership, as it existed and as its business was transacted in New Haven, could not, upon general principles, be made liable for goods which were sold and delivered to Ottenheimer and which were used by the Ottenheimer company for its business in New York City. In this New York company the partnership of Ottenheimer & Weil had no interest.

"An exhaustive definition of partnership is not easy. So far as the facts in the case present the question of partnership it is sufficiently accurate to say that there is a partnership between two or more persons whenever such a relation exists between them that each is as to all the others, in respect to some business, both principal and agent. If such a relation exists they are partners; otherwise not. They are partners in that business in respect to which there is this relation; and as to any other business they are not partners. Partnership is but a name for this reciprocal relation." *Morgan* v. *Farrel*, 58 Conn. 413, 421, 20 Atl. 614. "Contracts made by one of several partners, in respect to matters not falling within the ordinary business, objects, and scope of the partnership, are not binding on the other partners, and create no liability to third persons, who have no knowledge that the partner making the contract is acting in violation of his duties and obligations to the firm of which he is a member." *Kimbro* v. *Bullitt*, 63 U. S. (22 How.) 256, 266, 16 L. Ed. 313, 316; *Coe* v. *Kutinsky*, 82 Conn. 685, 691, 74 Atl. 1065.

It cannot be seriously claimed that the character of this transaction in New York City was such as to justify the plaintiff in assuming that the defendant could be made liable for these goods. The facts were such as to indicate the contrary. Under the circumstances surrounding this affair it would have been reasonable for the plaintiff to have made an inquiry

as to the liability of the defendant to pay a debt of this kind. There is nothing to show that the plaintiff was warranted in selling to Ottenheimer on the credit of the defendant, on account of previous dealings between the parties. No business transaction had ever taken place between them. There was nothing in the general course of the defendant's business that would have warranted the plaintiff in treating Ottenheimer as the defendant's agent for buying goods on credit. It was not shown that Weil or any one having authority to act for the defendant assented to the purchase. Weil never heard of the matter until after the goods were bought.

The record does not show any fact which indicates a ratification of the purchase by the defendant. It is not claimed that the defendant company had the goods purchased or any part of them. Neither does it appear that the defendant, as a company, was in any way benefited by this transaction. "Ratification means the adoption by a person, as binding upon himself, of an act done in such relations that he may claim it as done for his benefit, although done under such circumstances as would not bind him except for his subsequent assent; as where an act was done by a stranger having at the time no authority to act as his agent, or by an agent not having adequate authority. The acceptance of the results of the act with an intent to ratify, and with full knowledge of all the material circumstances, is a ratification. Ratification makes the contract in all respects what it would have been if the requisite power had existed when it was entered into. It relates back to the execution of the contract, and renders it obligatory from the outset. The party ratifying becomes a party to the contract and is, on the one hand, entitled to all its benefits, and on the other is bound by its terms." *Ansonia* v. *Cooper*, 64 Conn. 536, 544, 30 Atl. 760. See also *Goodwin* v. *East Hart-*

*ford,* 70 Conn. 18, 42, 38 Atl. 876. The only facts bearing upon the question of ratification were the letters which were written by the defendant. This correspondence shows no intention to ratify the action of Ottenheimer in making this purchase. These letters simply manifest an intention upon the part of the defendant to induce Ottenheimer to pay the bill for the goods which he had contracted.

The plaintiff bases his right of recovery solely upon the declarations of Ottenheimer, as he was a partner in the New Haven Company. "Each member of a firm is the general agent of the firm in relation to all the business of the firm, and can bind the firm in what he says and does in such business. But when one partner has a transaction with a third person which is neither apparently nor really within the scope of the partnership business, the partnership is not bound by his declarations or acts in the transaction." *Union Nat. Bank* v. *Underhill,* 102 N. Y. 336, 340, 7 N. E. 293; *Kimbro* v. *Bullitt,* 63 U. S. (22 How.) 256, 266, 16 L. Ed. 313, 316; *Morgan* v. *Farrel,* 58 Conn. 413, 421, 20 Atl. 614.

These principles are applicable to the facts disclosed in the present case.

There is error and a new trial is ordered.

In this opinion the other judges concurred.