S. LANDOW & COMPANY, INCORPORATED, *vs.*
DONATO MAISANO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued February 7th—decided March 6th, 1934.

*Benjamin F. Goldman* and *William J. McKenna,* for the appellant (plaintiff).

*Joseph B. Morse,* with whom, on the brief, were *Philip Pond* and *Daniel D. Morgan,* for the appellee (defendant).

AVERY, J. The plaintiff brought this action upon the common counts to recover for seven carloads of grapes, claimed to have been sold to the defendant in the autumn of 1933. The court, after hearing the evidence, concluded that the grapes were not purchased by the defendant but by Andrew Cimino; that the defendant was not a partner of Cimino; that he did not order the grapes or either expressly or by implication agree to pay for them, and rendered judgment for the defendant. The facts found by the trial court, upon which it reached these conclusions, are as follows: Samuel Landow is president and treasurer of the plaintiff corporation, engaged in the wholesale fruit and provision business. The defendant, Donato Maisano, had never been in that business but for many years had been dealing in flour and groceries at wholesale. Andrew Cimino, for a number of years, was in

the wholesale fruit and provision business under the name of The Standard Fruit Company, in a building at New Haven of which the defendant was the substantial owner, and which was occupied by several large dealers in fruit and produce. In the fall of 1931, Cimino dealt in grapes, using for that purpose the name "The New Haven Grape Company," and Landow participated as a partner with him therein. Some time prior to August 31st, 1932, Cimino requested the defendant to assist him financially during the grape season, intimating that otherwise he would be unable to occupy quarters in the defendant's building during that season. The defendant agreed to assist Cimino financially upon the understanding that he was to receive no part of the profits of the business and was not to share in the losses, and was to receive no interest, bonus or other benefit for his assistance except that accruing from Cimino's occupancy of a part of his building. It was agreed between them that Maisano should open a bank account in the amount of $2500, in the name of "The New Haven Grape Company;" that Cimino should conduct the business; buy and sell the grapes handled during the season; make all collections, turning all money over to Maisano for deposit; deliver all bills payable to the latter, who would have entire charge of the bank account, and draw all checks for the payment of grape bills approved by Cimino.

Accordingly, Maisano opened a bank account on August 31st, 1932, in the name of "The New Haven Grape Company," with an initial deposit from his personal funds of $1000. September 1st, 1932, he withdrew $600 from the deposit and later $400, thus reimbursing himself. September 19th, 1932, he negotiated for The New Haven Grape Company a loan of $2500 from the bank upon a note signed by himself and his

brother. This amount was at once deposited to the account of The New Haven Grape Company, and thereafter disbursed in payment of grapes purchased by Cimino. From time to time during September, October and November, proceeds from the sale of grapes were deposited in this account and sums checked out in payment therefor. All checks were signed "New Haven Grape Company, by Donato Maisano." The sole purpose of both Maisano and Cimino in carrying the account in this manner was to prevent the intermingling of the proceeds of the sale of grapes to The New Haven Grape Company, with the funds of Cimino's produce business, and to protect Maisano, who had become personally obligated to the bank.

After the arrangement with Maisano had been perfected, Cimino approached Landow and expressed a desire to buy grapes during the season. Landow desired to know if Cimino intended to renew their partnership arrangement of the preceding year, but Cimino did not so agree. The latter part of September Cimino bought from the plaintiff some grapes which were billed him under the name "The Standard Fruit Company." Commencing October 4th, 1932, grapes were billed to "The New Haven Grape Company" at Cimino's request. Throughout the season Cimino personally ordered and signed for grapes purchased from the plaintiff and Maisano took no part therein. Some time after purchases of grapes by Cimino, the plaintiff received a check signed "New Haven Grape Company, by Donato Maisano," whereupon Landow called on Maisano and asked if he had signed checks for grapes; the latter replied "Yes." At all times, the Cimino account was carried by the plaintiff upon its ledger under the name "New Haven Grape Company, Hill Street, City." The plaintiff had no knowledge of Maisano, or dealings with him, in these transactions

other than that his name appeared, as above described, on checks drawn on the account of The New Haven Grape Company. At no time did Maisano state that he would be personally responsible for purchases made by Cimino nor was he ever present or active in the purchase or sale of grapes and never held himself out to be other than a person authorized to sign checks for The New Haven Grape Company.

During the month of October, Cimino ordered, among others, seven carloads of grapes which, because of the sudden drop in the market, he failed to dispose of or pay for. The amount due for these grapes is $1762.65 with interest, which has never been paid. About the first of November, Landow observed from his company's records that the seven carloads purchased by Cimino had not been paid for although later purchases of lesser quantities had been paid by checks of The Standard Fruit Company. Thereupon, he demanded of Maisano that he pay for the seven carloads. Cimino had not delivered to Maisano the bills for these cars or the money with which to pay for them, and there was not, in Maisano's hands, sufficient funds to the account of The New Haven Grape Company to pay therefor. The trial court found that the transaction between Cimino and Maisano was a loan for the period of the grape season or about ninety days and the former still owes $1500 upon the transaction.

On this appeal, the plaintiff seeks numerous corrections of the finding. These corrections, if made, would tend to show that the merchandise in question was sold to Donato Maisano, or that he had so held himself out as the person doing business under the name The New Haven Grape Company as to be estopped to deny that he was to be responsible. The requested corrections, however, are based upon the testimony of the plaintiff and its witnesses. The finding of the

trial court finds support in the testimony of the defendant and Cimino; and being based upon conflicting testimony, no correction is permissible by which the position of the plaintiff will be advantaged.

In its appeal, the plaintiff makes the claim that Maisano and Cimino were partners, or at least joint adventurers. These claims do not appear to have been made in the trial court, but in any event, upon the finding as made, there is no sharing of profits or losses or any of the incidents essential to the establishment of a partnership. *Samstag & Hilder Brothers* v. *Ottenheimer*, 90 Conn. 475, 478, 97 Atl. 865; *Loomis* v. *Marshall*, 12 Conn. 69, 77; *Parker* v. *Canfield*, 37 Conn. 250, 266; *Hotchkiss* v. *DeVita*, 103 Conn. 436, 130 Atl. 668. "If money which a person loans to another to be used in a business enterprise is to be repaid by the borrower, whether the venture proves a success or a failure, the contract is ordinarily construed to be one of lending and borrowing and not of joint adventure, and the lender acquires no equitable interest in the property in which the money is invested, nor liability to a third person for debts contracted by the borrower." 33 C. J. 842; *Curry* v. *Fowler*, 87 N. Y. 33, 38; *Richardson* v. *Hughitt*, 76 N. Y. 55, 58; *National Surety Co.* v. *Winslow*, 143 Minn. 66, 173 N. W. 181, 183; *Waverly National Bank* v. *Hall*, 150 Pa. St. 466, 24 Atl. 665, 667; see also *Dolan* v. *Dolan*, 107 Conn. 342, 349, 140 Atl. 745.

There is no error.

In this opinion the other judges concurred.