FRANK BLASIG *vs.* AUGUST BLASIG, ADMINISTRATOR (ESTATE OF HELEN BLASIG) AND INDIVIDUALLY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.
Argued October 7th—decided November 3d, 1937.

*James B. Henry,* for the appellant (defendant).

*William A. Reiner,* with whom was *A. C. Bill,* for the appellee (plaintiff).

PER CURIAM. Joseph Blasig and his wife owned a farm. They had four sons. Two left the farm before 1917 and one died in that year. A week later the father died. Thereafter one son, August, remained on the farm with his mother, operating it as his own, and he continued to do this until her death in 1934. He took all the profits earned, which were substantial, merely supplying his mother with board and clothing. His father had told him that after his death the son who remained on the farm was to have it and after the father died his mother had told him that if he took care of the farm it would be his upon her death. Between 1924 and 1934 he made certain improvements and additions to the buildings on the farm, paying for them out of the profits earned. This he did upon his own responsibility, in the belief that the farm would be his after his mother's death. Neither

the father nor the mother made a will and August will share in the property only as one of the three children alive at the mother's death. He made a claim against his mother's estate based upon support furnished to and expenditures made for her during her life and upon the improvements he had made to the farm. This claim was allowed by the commissioners upon her estate, but upon appeal the trial court disallowed it and August has appealed to this court. He now claims recovery only on account of the improvements made to the farm.

It is not necessary to go further into the facts, because those we have stated control our decision upon the appeal before us. If, upon them, the law would imply an agreement between August's mother, the deceased, and himself that he made the improvements, the measure of recovery would be reasonable compensation to him; but the basis upon which such an agreement would rest would be an express or implied request upon her part that he make the improvements and an expectation upon his part that he would be compensated for them. *Kearns* v. *Andree,* 107 Conn. 181, 187, 139 Atl. 695; *Santoro* v. *Mack,* 108 Conn. 683, 695, 145 Atl. 273; *Gillette's Appeal,* 82 Conn. 500, 502, 74 Atl. 762. The facts before us make it abundantly clear that the conditions under which such an agreement could be implied are not present.

His right of recovery, if any, must rest upon the fact that he made the improvements in the mistaken belief that the property would become his upon the death of his mother. *Schleicher* v. *Schleicher,* 120 Conn. 528, 532, 182 Atl. 162; *Wainwright* v. *Talcott,* 60 Conn. 43, 54, 22 Atl. 484. But it is the essence of such a recovery that the improvements have added value to the property, to the benefit of the true owner. *Kearns* v. *Andree,* supra, p. 185; *Ensign* v. *Batterson,*

68 Conn. 298, 308, 36 Atl. 51. The trial court states in the finding that no evidence was offered as to the reasonable value to the estate of the mother of any of the improvements, the only evidence being as to their original cost. That being so, all questions of liability aside—and the record suggests several—there was no basis before the trial court upon which the claimant could recover and it was right in disallowing the claim.

There is no error.