ACTIVE MARKET, INC. *v.* HUGH C. LEIGHTON, SR.,
ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 17th—decided July 12th, 1938.

*C. Driscoll Grimes,* for the appellants (defendants).

*John R. Cuneo,* with whom was *Frederick Lovejoy, Jr.,* for the appellee (plaintiff).

HINMAN, J.   The writ named as defendants Hugh C. Leighton, Sr. and Hugh C. Leighton, Jr., both of

Darien, Connecticut, and The Leighton Baking and Restaurant Corporation, a New York corporation. The complaint was the common counts, and the bill of particulars set forth the items of goods (meats) alleged to have been sold and delivered to the defendants. The individual defendants pleaded a general denial; the corporation was defaulted for failure to plead. After trial of the case the court entered judgment for the plaintiff against all of the defendants. In response to a motion by the defendants Leighton the trial court filed a special finding of facts upon which the judgment was predicated. This embodied facts as to the situation and relations of the defendants and their transactions with the plaintiff, more fully stated in the finding on appeal hereinafter summarized, from which the court reached and stated conclusions that each of the three defendants acted as principal and as agent for the other two and that, therefore, a partnership existed between them.

The first contention of the appealing defendants is that the complaint is not sufficient to support the judgment because it contains no allegation of partnership or of operative facts constituting a partnership. So far as concerns the failure to expressly name and designate the defendants as partners or allege the existence of a partnership between them, a decisive answer is afforded by *Hotchkiss* v. *DeVita*, 103 Conn. 436, 446, 130 Atl. 668. Here, as in that case, the defendants were all in court, they were apprised that all were claimed to be liable, and what the controversy was about and, so far as appears, they were, or at least should have been "as well prepared to make any proper defense as if it had been in terms alleged that they were partners." While it was not alleged here, as it was by amendment in the *Hotchkiss* case, that one was the agent for the others or, as was the claim

here, that each was the agent for the others, it appears from the draft-finding and finding as well as from the evidence, which we have been required to examine as to claimed corrections of the finding, that the principal controversy upon the trial was as to the circumstances relating to the ordering and delivery of the merchandise by and to the several defendants and the use made thereof, obviously bearing upon the representation of the other defendants by the individuals and the agents of the corporate defendant, and directed to the issue of agency of each for the others. Moreover, the omission to allege agency was one which readily could be cured by amendment, as it was in the Hotchkiss case, had objection been interposed; therefore it was an instance where "the defendant ought to be held to make the objection seasonably, so that there might be such an amendment, and the parties might reach and settle their controversy upon its merits; and if the defendant postpone his objection till judgment has been rendered, he must not be allowed to gain any advantage on that account. *Santo* v. *Maynard,* 57 Conn. 157, 161, 17 Atl. 700. The proper way to take advantage of the rule of pleading which requires that an act done by a known agent . . . should be so stated [Practice Book, § 118, p. 50], is to object to evidence that it was so done unless it is so alleged. *Irwin* v. *Judge,* 81 Conn. 492, 71 Atl. 572." *Woodruff* v. *Perrotti,* 99 Conn. 639, 644, 122 Atl. 452. Such a case is quite different in principle from those relied on by the defendant, as where judgment is founded upon a ground outside the scope of the case as pleaded. *Modern Home Utilities, Inc.* v. *Garrity,* 121 Conn. 651, 654, 186 Atl. 639; *Greenthal* v. *Lincoln, Seyms & Co.,* 67 Conn. 372, 35 Atl. 266; *Whiting* v. *Koepke,* 71 Conn. 77, 40 Atl. 1053; *New Idea Pattern Co.* v. *Whelan,* 75 Conn. 455, 53 Atl. 935; *Kane* v. *Kane,* 120

Conn. 184, 189, 180 Atl. 308. Here, to hold all of the defendants liable is but to give legal effect to the transaction which is generally stated in the complaint and bill of particulars.

The claim that the special finding does not support the judgment against the defendants as partners depends upon a contention that a relation of principal and agent of each defendant to the others is not sufficient to hold them liable as partners, but that it must appear that there was a sharing, between them, of profits, or at least an agreement, express or implied, for such a distribution. The place, effect and weight of participation in profits in determining as to the existence of a partnership relation has been under consideration in a multitude of cases, as is indicated by the note 18 L. R. A. (N. S.) 963 et seq. and with variant and sometimes irreconcilable results. 20 R. C. L. 823. It suffices for the present purposes that the practical consensus of modern authority is that, important as is profit-sharing, when it is found to exist, as an indicia of that community of interest which characterizes the partnership relation (*Parker* v. *Canfield,* 37 Conn. 250, 266) it is not only not a sole but not even an essential test. The true test of a partnership in the last analysis is "that of the relation of the parties as principal and agent, to be proved by any competent evidence; for when they sustained that relation, a joint liability may be said to have been incurred by the authority, or on behalf of each of the parties so related." *Harvey* v. *Childs,* 28 Ohio St. 319, 322; *Beecher* v. *Bush,* 45 Mich. 188, 7 N. W. 785; Mechem, Elements of Partnership, pp. 85, 96. "An exhaustive definition of partnership is not easy. So far as the facts in the case present the question of partnership it is sufficiently accurate to say that there is a partnership between two or more persons when-

ever such a relation exists between them that each is as to all the others, in respect to some business, both principal and agent. . . . A partnership as to third persons sometimes may arise by operation of law even against the intention of the parties; and this happens either because the contract which the parties have entered into in law makes each the principal and agent of the other, or because by a course of dealing they have shown that such was the real relation between them. Such were the cases of *Parker* v. *Canfield* [supra] and *Citizens Bank* v. *Hine*, 49 Conn. 236." *Morgan* v. *Farrel*, 58 Conn. 413, 421, 422, 20 Atl. 614; *Samstag & Hilder Brothers* v. *Ottenheimer*, 90 Conn. 475, 478, 97 Atl. 865; *Hotchkiss* v. *DeVita*, supra, 445. *Landow & Co., Inc.* v. *Maisano*, 118 Conn. 214, 219, 171 Atl. 510, to which defendants refer, affords no intimation to the contrary.

It follows that the special finding that the defendants were principal and agent each to the other is sufficient, in that respect, to support the judgment. The further claim that the corporate defendant could not be a member of a partnership, not having been raised in any way upon the trial, may not be entertained on appeal. *Booth* v. *Booth & Bayliss Commercial School, Inc.*, 120 Conn. 221, 223, 180 Atl. 278.

The assignments of error in the conduct of the trial seek corrections of the finding and attack the conclusions pertaining to the mutual relations of principal and agent found to have existed between all of the defendants. No corrections can be made which are so material as to impair those conclusions. The finding, as corrected, includes the following facts: The corporate defendant, of which Leighton, Sr. was president and Leighton, Jr. vice-president, conducted, from 1934, a restaurant at White Plains, New York, of which Leighton, Sr. and in his absence Leighton, Jr.

had charge. It was furnished with antiques owned by Leighton, Sr. personally. About 1934 Leighton, Sr. operated a restaurant at Ardsley, New York, and in 1935 he leased a restaurant, thereafter known as "Leighton's Halfway House," in Darien, which was operated and managed by the two Leightons. The receipts from the Darien and Ardsley places were regularly collected by the cashier of the restaurant at White Plains and all payments to the plaintiff were made by checks of the corporation. Leighton, Sr. originally negotiated with the plaintiff for the purchase of merchandise and an account was opened, for the balance of which this action is brought. Thereafter until May 8th, 1936, the plaintiff continued to supply merchandise ordered by Leighton, Sr., Leighton, Jr. and Eugene Denari who was head chef and purchaser at the White Plains restaurant. The goods were for the most part delivered to the White Plains restaurant but were used in varying amounts also in the Ardsley and Darien restaurants as their necessities required. They were all accepted and so used without question as to the authority of the person ordering them. When the White Plains restaurant closed on May 11th, 1936, the provisions on hand were sent to the Darien place. These and the other facts found are sufficient to support the conclusion that the defendants so acted as to each other as principal and agent as to warrant their being held to be partners, under the principles above adverted to, and consequently liable as such.

There is no error.

In this opinion the other judges concurred.