C. STEVE VANGOR *v.* JOHN PALMIERI

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

320

Argued March 6—decided April 18, 1956

*Albert A. Garofalo,* for the appellant (defendant).

*Edwin K. Dimes,* for the appellee (plaintiff).

DALY, J. The plaintiff offered to purchase property of the defendant and made a deposit. He brought this action to recover the amount of the deposit, alleging in his complaint that the defendant, although he did not accept the offer, refused to return the deposit. The defendant, by his answer, alleged that he had accepted the plaintiff's offer. The court rendered judgment for the plaintiff, and the defendant has appealed.

The facts found may be summarized as follows: On May 19, 1950, the plaintiff made an oral offer to the defendant's agent to purchase from the defendant certain land in Westport for $8000 and gave the agent a deposit of $800 to be applied on the purchase price if the defendant accepted the offer. Subsequently, a typewritten form of a contract to be executed by the parties was prepared by the defendant's attorney and presented to the plaintiff for his signature. The property described therein as that which the plaintiff had agreed to purchase was not the property which the plaintiff had offered to buy. He did not sign the instrument. Thereafter, the

plaintiff was told by the defendant, and on another occasion by the defendant's agent, that a certain triangular strip of land would not be included in the conveyance unless the plaintiff paid an additional sum of $400 or $500. This piece was part of the land which the plaintiff had offered to buy for $8000. The plaintiff refused to pay the additional sum and asked for the return of the deposit. The defendant indicated that there was no binding agreement and that he would return the plaintiff's deposit. Although the plaintiff has made demand upon the defendant and his agent for the deposit, it has not been repaid.

The defendant claims that twelve paragraphs of his draft finding should be added to the finding and that the court erred in finding certain facts. The facts found were based on conflicting testimony. It was the province of the trial court to resolve these disputes and to determine the facts. *Grievance Committee* v. *Nevas,* 139 Conn. 660, 665, 96 A.2d 802; *McKnight* v. *Gizze,* 107 Conn. 229, 232, 140 A. 116. Inasmuch as it was the court's function to weigh the evidence and determine what part of the testimony it would believe, the findings are not susceptible of correction by us. *Doty* v. *Wheeler,* 120 Conn. 672, 677, 182 A. 468; *S. Landow & Co.* v. *Maisano,* 118 Conn. 214, 219, 171 A. 510.

The court's conclusion that the plaintiff's offer to purchase the defendant's property was not accepted by the defendant is logically and reasonably supported by the facts found. The court properly concluded that the plaintiff was entitled to the return of his deposit. The assignment of error directed at a ruling on evidence is without merit.

There is no error.

In this opinion the other judges concurred.