AETNA CASUALTY AND SURETY COMPANY *v.* MARY
MURRAY, ADMINISTRATRIX (ESTATE OF HOMER
V. MURRAY), ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, JS.

428

Argued June 4—decided July 8, 1958

*Alfred F. Celentano* and *Harold J. Ivey,* for the appellant (defendant Robert W. Murray), with whom, on the brief, were *Joseph R. Apter,* for the appellants (defendants The Goodyear Realty Company et al.), *James M. Kelly,* for the appellant (defendant Robert W. Murray, administrator), and *Benjamin M. Chapnick,* for the appellant (named defendant).

*Morris Tyler,* for the appellee (plaintiff).

Daly, C. J. The plaintiff, an insurance company, brought this action for a declaratory judgment determining whether the liability, if any, of Homer V. Murray, who caused injuries and damage to certain

of the defendants, is covered by the terms of a policy held by him and issued by the plaintiff. The defendants have appealed from a judgment determining that his acts did not give rise to accidental injuries and damage and that the policy, which only covers liability arising from an accident or from injuries accidentally sustained, does not cover his liability for the injuries and damage claimed, because they were caused by his intentional acts.

The defendants have assigned error in the refusal of the court to add twenty-four paragraphs of their draft finding, contending that these paragraphs contained facts which were admitted or undisputed. Many of the suggested facts are not admitted or undisputed. That a witness testified to a fact without direct contradiction is not of itself sufficient; the trial court must be the judge of the credit to be given to a witness. Practice Book § 397. Certain facts sought to be added are already in the finding. As some of the proposed paragraphs consist of immaterial or evidential matters, the facts contained in them cannot be added. *Starkel* v. *Edward Balf Co.,* 142 Conn. 336, 337, 114 A.2d 199. Other additions sought would not directly affect the ultimate facts upon which the judgment depends. No useful purpose would, therefore, be served by adding these additional facts to the finding. *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 51, 103 A.2d 529.

The court found the following unchallenged facts: Prior to August 26, 1955, the plaintiff had issued an automobile liability and physical damage policy to Homer V. Murray, hereinafter referred to as the insured, and on that date the policy was in full force and effect. By its terms the plaintiff agreed to pay on behalf of the insured certain sums which he might become legally obligated to pay as damages for in-

juries caused by accident, and further to pay for certain medical expenses as well as for collision damage to his automobile, if caused by accident. On August 26 the insured operated his automobile in such a manner as to cause personal injuries and property damage to others.

Goodyear Street is a public highway in New Haven. It runs north and south and is thirty feet wide. The insured and his wife lived at 42 Goodyear Street, on the west side of the street. The defendants Louis Miller and Sarah Miller owned and resided in a house at 33 Goodyear Street, on the east side of the street and south of the residence of the insured. The defendant Robert Murray also lived in the Miller house. The distance from the insured's driveway to the front porch of the Miller house was approximately seventy-four feet. About 11:15 p.m. on August 26, the automobile of the insured was parked in his driveway. The car was headed toward the street and near the sidewalk, and the insured was standing by it. He was addressing insulting remarks to the Millers, who were sitting on the front porch of their house. Robert Murray was on the sidewalk on the east side of the street. He remonstrated with the insured about his conduct. The wife of the insured was standing on the sidewalk, telling him that it was late and he had to get to work, and begging him to hurry up and get to work. The insured was babbling loudly. He got into his car, started the motor and drove the car out of his driveway, across the street at an angle, over the curb and onto the sidewalk on the east side of the street. Then, after the car hit Robert Murray, the insured drove it into the porch of the Miller house, where it struck both of the Millers. The car then stalled. The insured started it again, backed it out into the street and, after driving it south on

Goodyear Street approximately 235 feet, brought it to a stop, got out of it and left the scene. Later, when questioned by the investigating police, he said he had left the scene to "book off work."

When, two hours after the accident, the police found the insured, it was evident that he had been drinking. He told the interviewing officer that he had had three beers at supper and asked the officer to give him "a break." On August 27, he told a physician that on the night before he was driving his car out of the driveway when he became confused by someone yelling at him, that he intended to stop the car but instead of stepping on the brake he mistakenly stepped on the accelerator, that his chin hit the steering wheel, and that he lost consciousness. The insured died of natural causes on October 28, 1955.

The trial court concluded that when the insured left his driveway in his car he knew what he wanted to do, that his acts were intended, that his intentional acts caused the personal injuries and property damage sustained, and that the policy of insurance issued by the plaintiff to him did not cover injuries or property damage caused by his intentional acts. The defendants maintain that the court erred in reaching these conclusions. They claim that the insured's acts were not intentional. They base this contention upon the assertion that the injuries and damage were occasioned by his drunken condition at the time he operated his car. In their draft finding they requested the court to find the following: "When Homer V. Murray got into his car, he was drunk. . . . The only eyewitness who testified—Mrs. Mclillo —said he babbled and talked as he usually did when drinking." The court found, as stated above, that the insured babbled loudly; it did not find that he was drunk. It will be noted that the defendants do

not claim that Mrs. Melillo testified that on the occasion in question the insured was drunk. That aside, even if she had testified that he was drunk when he got into his car and drove it out of the driveway, it would have been the court's function to weigh that evidence and determine what part of her testimony it would believe. *Vangor* v. *Palmieri,* 143 Conn. 319, 321, 122 A.2d 312. It is futile to assign error involving the weight of testimony or the credibility of witnesses. *Hartford-Connecticut Trust Co.* v. *Putnam Phalanx,* 138 Conn. 695, 699, 88 A.2d 393. Since we cannot say, as a matter of law, that the court erred in failing to find that the insured was drunk, we are not called upon to determine whether, if he had been drunk, he could not have had the intention of causing the injuries and damage.

There is no error.

In this opinion the other judges concurred.