THOMAS W. MARTIN *v.* JOSEPH KAVANEWSKY ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued November 13, 1968—decided February 4, 1969

*Melvin J. Silverman,* with whom, on the brief, were *Max R. Lepofsky* and *George J. Lepofsky,* for the appellants (defendants).

*Richard Greenwald,* with whom was *Frank W. Murphy,* for the appellee (plaintiff).

RYAN, J. The first count of the complaint sought recovery from the defendants for breach of contract. In the second count, the plaintiff alleged that, because of a breach of the contract by the defendants, the plaintiff was prevented from completing his contract. He sought damages in quantum meruit for labor and materials supplied to the land of the defendants. The case was tried to a state referee sitting as a court who rendered judgment for the defendants on the first count and for the plaintiff in the sum of $2783 on the second count. The defendants have appealed from the judgment rendered on the second count.

The defendants seek to have added to the finding a number of paragraphs of the draft finding on the ground that the facts stated in them were admitted or undisputed. To secure an addition on this ground, it is necessary for an appellant to point to some part of the appendix, the pleadings, or an exhibit properly before us, which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed. *State* v. *Dukes,* 157 Conn. 498, 500, 255 A.2d 614; Maltbie, Conn. App. Proc. § 158. That a fact was testified to and was not directly contradicted by another witness is wholly insufficient. Practice Book § 628 (a). "The trier is the judge of the credibility of witnesses. *Banks* v. *Adelman,* 144 Conn. 176, 179, 128 A.2d 534, and cases cited therein. A further requirement for such an addition to the finding is that the particular portion of the appendix, pleadings or exhibit, as the case may be, relied upon as requiring the addition, be pointed out in the appellant's brief. Maltbie, op. cit., § 328." *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634; *Drazen Lumber Co.* v. *Casner,* 156 Conn. 401, 403,

242 A.2d 754; *Brockett* v. *Jensen,* 154 Conn. 328, 330, 225 A.2d 190. Certain additions to the finding claimed by the defendants are implicit in the finding as made. *Broderick* v. *Shea,* 143 Conn. 590, 591, 124 A.2d 229. Other additions requested involve facts which are immaterial. *Greenwich Contracting Co.* v. *Bonwit Construction Co.,* 156 Conn. 123, 128, 239 A.2d 519. The defendants have not established any failure on the part of the trial court to include in its finding any fact which was material and was admitted or undisputed. The defendants also assigned error in other portions of the court's finding of subordinate facts and in certain of its conclusions. These assignments of error have not been pursued in their brief and are, therefore, treated as abandoned. *Katz* v. *Brandon,* 156 Conn. 521, 524, 245 A.2d 579; *State* v. *Kohlfuss,* 152 Conn. 625, 635, 211 A.2d 143.

The court found the following facts: On February 28, 1957, the defendants were the owners of certain lots in a residential area in the town of New Canaan, and the plaintiff was a builder and building contractor. On that date, the plaintiff and the defendants entered into simultaneous written agreements in which the defendants agreed to sell and convey lots to the plaintiff upon payment of an agreed price. Under the terms of these agreements, the plaintiff was given the right, prior to conveyance, to enter upon each of the lots and construct a residence thereon for sale. The defendants agreed to finance the construction by advancing to the plaintiff specified sums of money as the plaintiff completed certain specified steps of the construction. Upon the completion of the work on each lot, the plaintiff was given the right to find a purchaser therefor, and, upon the conveyance to the purchaser,

the plaintiff was to repay the defendants the sums advanced for the construction, with interest. The plaintiff constructed and sold eight houses pursuant to these agreements. The plaintiff then commenced construction of a ninth house, and, prior to July, 1960, he had substantially completed the foundation, framing, roofing, surveying, electrical work and rough plumbing and had supplied the materials necessary to complete this work. He had, in a period of at least six weeks, supplied supervisory services which were reasonably worth the sum of $900. The defendants had advanced to the plaintiff the sum of $1000 on or about May 15, 1960, and the sum of $5000 on or about July 1, 1960. At the time the $5000 payment was made, the defendants notified the plaintiff that they would make no further advances on this construction. Thereupon, the plaintiff ceased construction, although on various occasions thereafter he inspected the premises for damage. The court found that the reasonable value of the labor, materials and services supplied by the plaintiff was $8783. From this sum, the court deducted the $6000 advanced by the defendants to the plaintiff and rendered judgment for the plaintiff to recover of the defendants the sum of $2783.

In their remaining assignments of error, the defendants attack the judgment on two grounds. First, they urge that, since the plaintiff in the second count of his complaint alleged that during the course of the construction he incurred expenses or became liable for certain sums of money for labor and materials, while acting under the terms and provisions of the written agreements, and the complaint contains no allegation of any independent oral contract with the defendants pursuant to which the

plaintiff supplied labor and materials, a judgment based on the reasonable value of the labor and materials furnished to the defendants cannot be sustained. Second, they contend that the judgment cannot be sustained because there is no finding that any of the labor, material and supervisory services benefited the defendants.

The plaintiff and the defendants had entered into two distinct although simultaneous written contracts. In one, the defendants agreed to sell certain lots owned by them to the plaintiff. This agreement to purchase, together with the second agreement, provided that the plaintiff would commence the construction of residential dwellings on these lots which were to be sold to the public. As a stated inducement to the plaintiff to enter into a contract to purchase, the defendants agreed to lend money to the plaintiff to carry out the construction as provided under a schedule attached to the agreement. Under the terms of the second agreement, the plaintiff had a right to sell each lot with the building constructed thereon to another purchaser at which time he was to pay to the defendants all money advanced to him in connection with the construction on that particular lot with interest. The finding indicates that the plaintiff, acting in accordance with these agreements, had constructed and sold eight houses. During the construction of the ninth house, the defendants had advanced to the plaintiff the sums of $1000 and $5000 at which time the defendants notified the plaintiff that they would make no further advances for construction on that lot. The plaintiff was entitled to treat this action of the defendants as a repudiation of the contract, and, accordingly, he ceased construction. "A positive statement to the promisee that the promisor will not per-

form his contract constitutes an anticipatory breach which is a total breach of contract." *Sagamore Corporation* v. *Willcutt,* 120 Conn. 315, 318, 180 A. 464; *Wonalancet* v. *Banfield,* 116 Conn. 582, 586, 165 A. 785; 4 Corbin, Contracts §§ 959, 973. The defendants' breach excused the plaintiff from further performance. *McCleave* v. *Flanagan Co.,* 115 Conn. 36, 40, 160 A. 305; *Segan Construction Corporation* v. *Nor-West Builders, Inc.,* 274 F. Sup. 691, 697 (D. Conn.); 17 Am. Jur. 2d, Contracts, §§ 448, 449.

The unwarranted repudiation of the contracts by the defendants entitled the plaintiff to recover in quantum meruit for the reasonable value of the labor and materials already furnished by him. *Morici* v. *Jarvie,* 137 Conn. 97, 101, 75 A.2d 47; see *Greco* v. *Morcaldi,* 145 Conn. 685, 690, 146 A.2d 589; *Dadio* v. *Dadio,* 123 Conn. 88, 92, 192 A. 557; *Valente* v. *Weinberg,* 80 Conn. 134, 138, 67 A. 369. The judgment is predicated on the second count of the complaint, which properly set up a cause of action in quantum meruit for the reasonable value of the services and materials supplied in accordance with the terms of the agreements up to the time of the repudiation of these agreements by the defendants.

In the second ground of attack on the judgment, the defendants urge that, since there is no finding that the defendants received any benefit from the labor, materials and supervisory services furnished by the plaintiff, the judgment is erroneous. It is true that, where a cause of action is predicated on a contract implied in law, the damages are measured by the improvement in value of the property to the benefit of the owner. *Blasig* v. *Blasig,* 123 Conn. 686, 687, 195 A. 195; *Kearns* v. *Andree,* 107 Conn. 181, 185, 139 A. 695. In the instant case, however, where the defendants prevented full performance of the

contract, the plaintiff is permitted "a recovery for the reasonable value of the services which he has performed, without regard to the extent of the benefit conferred upon the other party to the contract." *Kearns* v. *Andree,* supra, 186; *Mergenthaler* v. *Dailey,* 136 F.2d 182, 184 (2d Cir.). The claim of the defendants that the judgment is erroneous cannot be sustained.

In their brief, the defendants made several additional claims which were not specifically assigned as error. Since the plaintiff was not properly warned that these claims were to be made, they are not considered. Practice Book § 652; *McCoy* v. *Raucci,* 156 Conn. 115, 121, 239 A.2d 689.

There is no error.

In this opinion the other judges concurred.