MARY SALVATORE *v.* JOHN MILICKI ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued May 3—decided June 6, 1972

*Kevin T. Gormley,* for the appellants (defendants).

*George E. McGoldrick,* for the appellee (plaintiff).

MacDonald, J.   The plaintiff Mary Salvatore brought this action to recover damages for personal injuries she suffered as a result of a collision at the intersection of Eastern and Foxon Streets, public highways in New Haven.  She alleged that her automobile, having proceeded more than halfway through the intersection, was struck on the left rear side by an automobile operated by the defendant Stanislaus Sudol and owned by the defendant John Milicki.

In appealing from a judgment for the plaintiff, the defendants have assigned as error the refusal of the trial court to add to the finding certain paragraphs of their draft finding which, they contend, contain facts which are either admitted or undisputed. While this court may correct a finding which fails to include admitted or undisputed facts; Practice Book § 627, *Solari* v. *Seperak,* 154 Conn. 179, 182, 224 A.2d 529, *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196; some of the facts claimed are not admitted or undisputed. "That a fact was testified to and was not directly contradicted by another witness is wholly insufficient. . . . 'The trier is the judge of the credibility of witnesses.'" *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619; *Aetna Casualty & Surety Co.* v. *Murray,* 145 Conn. 427, 429, 143 A.2d 646. As some of the proposed additions consist of facts which are implicit in the finding as made, or are immaterial, or would not directly affect the ultimate facts on which the judgment depends, "[n]o useful purpose would . . . be served by adding these additional facts to the finding." *Aetna Casualty & Surety Co.* v. *Murray,* supra; *Martin* v. *Kavanewsky,* supra, 515–16; *Greenwich Contracting Co.* v. *Bonwit Construction Co.,* 156 Conn. 123, 128, 239 A.2d 519; *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 481, 234 A.2d 825; *Broderick* v. *Shea,* 143 Conn. 590, 591, 124 A.2d 229. Having failed to establish that the trial court neglected to include in its finding any fact which was material and admitted or undisputed, the finding is not subject to any additions. *Martin* v. *Kavanewsky,* supra, 516.

Neither do we find merit in the defendants' claim that the trial court erroneously included in the finding facts unsupported by evidence where the chal-

lenged paragraphs are directly supported by the evidence presented or by inferences reasonably drawn therefrom. *Walker* v. *Jankura,* 162 Conn. 482, 484, 294 A.2d 536; *Cappiello* v. *Haselman,* 154 Conn. 490, 492, 227 A.2d 79. "The . . . [defendants'] attack upon the finding amounts to nothing more than a request that we accept . . . [their] version of the facts. It is for the trier to pass upon the credibility of witnesses," *Broderick* v. *Shea,* supra, 592, "and the weight to be accorded to evidence." *Ramadei* v. *Saccavino,* 150 Conn. 700, 190 A.2d 489. "This court cannot retry the case. *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596; *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216." Ibid.

The finding, which is not subject to any change, reveals the following facts: At approximately 5 p.m. to 5:15 p.m. on August 13, 1968, a clear summer day with favorable weather conditions, the plaintiff was operating her automobile in a southerly direction on Eastern Street and stopped at a stop sign at the intersection of Eastern and Foxon Streets. After looking in both directions, and once again looking to her left and seeing nothing at all approaching the intersection from her left, she proceeded across the intersection in her own right-hand lane of travel. She had proceeded to a point where her vehicle was beyond the center of the intersection and its hood was beyond the extended southerly curb of Foxon Street before it was struck on its left rear side by the defendants' vehicle, causing personal injuries to the plaintiff. Although there were no buildings, parked vehicles, or other obstructions to visibility for either driver with reference to each other, the plaintiff never saw the defendants' vehicle prior to the collision. The plaintiff's vehicle entered the intersection first at which time Sudol was

not within the intersection or approaching so closely as to constitute an immediate hazard. The defendant Sudol was proceeding in a westerly direction on Foxon Street, had observed the plaintiff's vehicle when he was approximately 150 to 160 feet from the intersection, thereafter looked to his left, and never again looked to his right or at the plaintiff's vehicle prior to the moment of impact. The defendant Sudol admitted having consumed alcoholic liquor between 12 noon and 5:15 p.m. on the day in question. From the foregoing facts, the trial court concluded that the defendant Sudol was guilty of negligence which was the proximate cause of the accident and that the plaintiff was free from any contributory negligence which was a proximate cause of the accident.

The defendants claim that the plaintiff was negligent as a matter of law in failing to keep a proper lookout and in proceeding through the intersection when Sudol was so close to the intersection "as to constitute an immediate hazard" in violation of General Statutes § 14-301 (c). "Contributory negligence is a question of fact to be determined by the trial court from all the surrounding circumstances. *Deacy* v. *McDonnell,* 131 Conn. 101, 106, 38 A.2d 181. The burden of proof is on the defendant. When on the basis of the evidence and facts found the trier concludes that one is free from contributory negligence, that conclusion must stand unless the conduct involved is manifestly contrary to that of the reasonably prudent man. *Cappiello* v. *Haselman,* 154 Conn. 490, 497, 227 A.2d 79; *Faille* v. *Hollett,* 150 Conn. 397, 400, 190 A.2d 53." *Ford* v. *Hotel & Restaurant Employees & Bartenders Union,* 155 Conn. 24, 36, 229 A.2d 346; *Busko* v. *DeFilippo,* 162 Conn. 462, 467, 294 A.2d 510; *Douglass* v. *95 Pearl Street*

*Corporation,* 157 Conn. 73, 79–80, 245 A.2d 129. On the basis of the subordinate facts found, we cannot say, as a matter of law, that the defendants have met their burden of proving that the plaintiff's conduct should be so categorized. The plaintiff came to a full stop at the stop sign. She looked to the left, did not see the defendant, looked to the right, and looked back to the left, again not seeing the defendant. She then proceeded through the intersection in the proper lane. The plaintiff's vehicle entered the intersection first when the defendant was not so close to the intersection as to constitute a hazardous condition. At the time of impact she was more than halfway through the intersection and the defendants' car was partially to the left of the center of Foxon Street. Under the circumstances, the plaintiff's failure to observe the defendants' vehicle until the impact does not, as a matter of law, constitute contributory negligence. *Pizzarello* v. *Sheldon,* 130 Conn. 643, 645, 36 A.2d 376, and cases cited. We cannot find error in the trial court's finding or conclusions without substituting another interpretation of the evidence, namely, that of the defendants, for that of the trial court. This we cannot do.

The remaining assignments of error, including those relating to portions of the finding not previously discussed, have not been pursued either in the brief or at oral argument and, therefore, are considered to have been abandoned. *Southern New England Telephone Co.* v. *Rosenberg,* 159 Conn. 503, 509, 271 A.2d 87; *Martin* v. *Kavenewsky,* 157 Conn. 514, 516, 255 A.2d 619; *Katz* v. *Brandon,* 156 Conn. 521, 524, 245 A.2d 579.

There is no error.

In this opinion the other judges concurred.