PATRICIA E. LYDDAN *v.* WILLIAM C. LYDDAN

WILLIAM C. LYDDAN *v.* PATRICIA E. LYDDAN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Submitted on briefs March 5—decision released March 19, 1974

*Patricia E. Lyddan,* pro se, the appellant (plaintiff) in the first case and the appellant (defendant) in the second case, on the briefs.

*L. Douglas Shrader,* on the brief for the appellee (defendant) in the first case and the appellee (plaintiff) in the second case.

PER CURIAM. In the first of these actions, by writ, summons and complaint dated July 31, 1970, Patricia E. Lyddan alleged that her husband, William C. Lyddan, had deserted her and she sought damages from him and an order for support for herself and her unborn child.

In the second action, by writ, summons and complaint dated January 18, 1971, Mr. Lyddan sought a divorce on the ground of intolerable cruelty.

The parties stipulated that the cases be consolidated and referred to a state referee for hearing and judgment and, the stipulation having been considered, the court on November 12, 1971, ordered the consolidation and referred the cases to a state referee. On June 27, 1972, the court revoked the reference and transferred the consolidated cases to a special assignment list of contested divorce cases. They were tried to the court (*Tedesco, J.*), which rendered judgment for the husband in both cases. Mrs. Lyddan has appealed from the judgment in each case.

Although Mrs. Lyddan was represented by counsel in the trial of both cases, she has prosecuted her appeals pro se. While giving full consideration to the handicap under which she has labored in attempting to act as her own lawyer and her obvious lack of knowledge of appellate procedure, we find no merit in her appeals. As has not been

unusual in contested divorce and support cases, there was conflicting evidence concerning the conduct of the contesting parties. The basic complaint of the appellant, Mrs. Lyddan, is that the trial court, on the basis of the evidence it heard, found the facts to be substantially as testified to by the appellee. In the divorce action, the court concluded: "The conduct of the defendant [Mrs. Lyddan] under all the circumstances in evidence constituted intolerable cruelty rendering a continuance of the marital relation unbearable to plaintiff and entitling him to a decree of divorce upon his complaint on the ground of intolerable cruelty." The court noted in its memorandum of decision: "It was demonstrated by strong and conclusive evidence that the defendant subjected the plaintiff to conduct that was intolerable. These acts of cruelty were proven to have taken place both in public and private places. The parties have no children of their marriage." In the support action, the court concluded that the husband at no time deserted the wife, that throughout the marriage he had provided support for her, had complied with all orders of the court for support payments, and that the simultaneously rendered divorce decree terminated any further obligation of support.

It is for the trier of fact to pass upon the credibility of witnesses and this court, on appeal, will not retry a case. *Salvatore* v. *Milicki,* 163 Conn. 275, 278, 303 A.2d 734; *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619; *Ramadei* v. *Saccavino,* 150 Conn. 700, 190 A.2d 489.

In each case the findings of the court, which are not subject to correction, amply support the conclusions reached by the court.

There is no error in either case.