[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR PREJUDGMENT ATTACHMENT OF REAL PROPERTY No. 110
On March 5, 1991, the plaintiffs, Rubin and Gertrude Blanck, commenced this action against the defendants Alan and Michelle Sloane seeking, inter alia, the repayment of a promissory note allegedly executed in favor of the plaintiffs. The plaintiffs have filed a motion for prejudgment remedy whereby they seek to attach real property presently in the name of Michelle Sloane. The plaintiffs' cause of action is predicated on a document attached to their motion. The plaintiffs maintain that this document evidences a promissory note payable on demand. The defendant Michelle Sloane counters that the document evidences a partnership agreement.
On July 8, 1991, a hearing was held on the plaintiffs' motion for prejudgment attachment. After hearing the testimony of the plaintiff Rubin Blanck and after receiving the document in question into evidence, the court concluded that for purposes of the hearing it would consider the document to be an agreement to enter into a partnership. Thereafter, the court requested the parties to brief the issue of whether one partner could attach partnership property.
"In considering an application for a prejudgment remedy, the trial court determines whether or not there exists probable cause to sustain the validity of the plaintiffs' claim." McCahill v. Town Country Associates, Ltd., 185 Conn. 37, 38-39 (1981), citing Conn. Gen. Stat.52-278d. The hearing is not intended to be a trial on the merits. Augeri v. C. F. Wooding Co., 173 Conn. 426, 429 (1977). The court must evaluate the arguments and evidence, which includes documents and testimony produced by the parties. Solomon v. Aberman, 196 Conn. 359, 362-64 (1985).
The defendant, in opposition to the motion for prejudgment remedy, argues that without an accounting, no action at law can be maintained by one partner against another to recover monies allegedly due. The defendant also claims that one partner may not place a lis pendens on partnership property to secure a capital investment.
The plaintiffs, in support of the motion for prejudgment attachment, argue that even if the document is found to be a partnership agreement, the partnership was dissolved by operation of law when the defendant CT Page 7092 Alan Sloane left the partnership. Conn. Gen. Stat. 34-69. The court was not presented with any evidence to substantiate the plaintiffs' claim that the partnership has been dissolved. Accordingly, this argument is not persuasive and does not affect the issue before the court. In addition the plaintiffs cite Landow Co., Inc. v. Maisano,118 Conn. 214, 219 (1934) for the proposition that Connecticut law recognizes a claim of one partner against the remaining partners to recover a loan.
In Mazzella v. Lathouris, 4 CTLR 419 (August 12, 1991, Ryan, J.) the court concluded that an accounting is not required prior to a partner bringing an action at law against a copartner. The court did not address the issue, raised by one of the partners, that the passage of the Uniform Partnership Act, Conn. Gen. Stat. 34-39 et seq. abrogates the common law requirement of an accounting before bringing an action at law between copartners. The court concluded that it did not need to address that question because the motion before it could be resolved by finding that an accounting and an action for breach of fiduciary duty can be brought in the same suit.
While an accounting may no longer be necessary before bringing an action at law between copartners, the plaintiffs' complaint is not predicated on the breach of a partnership agreement. Further, this court should follow Wheeler v. Polasek, 21 Conn. App. 32 (1990). In Wheeler, the court held a partner may not obtain a lis pendens on partnership property because the lis pendens statute, section 52-325 (a) provides that the remedy is applicable when ". . .the action is intended to affect real property." The Uniform Partnership Act, Conn. Gen. Stat. 34-64 provides that a partnership interest is personal property, and partnership realty is considered personal property with respect to one partners' interest in it. Wheeler, 21 Conn. App. at 34. Accordingly, the plaintiffs' motion for prejudgment attachment is denied and the plaintiffs may not put a lis pendens on the defendant Michelle Sloane's property.
PICKETT, J.