[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Carol Mulready, age 40, whose maiden name was Carol Stronk, and the defendant William Mulready, age 45, were married in Southington, Connecticut on August 3, 1972. There are three minor children issue of the marriage, Serena Mulready, born June 15, 1984, Britt Mulready, born July 30, 1986 and Keegan Mulready, born May 11, 1990. The minor child, Britt is learning disabled. There is no issue concerning custody, the parties having agreed to join custody with physical custody to the plaintiff and reasonable visitation with the defendant.
There is no question but that the marriage is broken down irretrievably. The main cause of the breakdown is the defendant's financial irresponsibility and his temper. The defendant raged at his wife and blamed her for everything. Employees in his business found it difficult to work for Mr. Mulready and many of his former employees now work for the plaintiff.
Throughout the marriage, the plaintiff has been the stable force working two jobs and providing a major part of the family support. On the other hand, the defendant spent money on seminars CT Page 197-OO when funds were short, borrowed money from his wife in the amount of $13,000.00 and used credit cards to finance his trips which are financial burdens on the plaintiff at this time.
The parties worked in the concrete business, C B Foundations until May 31, 1995 when the plaintiff left to form her own concrete business, CBJ Foundations. The defendant claims C B to be a partnership but no partnership agreement was ever entered into, no partnership tax returns filed and at all times when joint federal returns were filed, Mr. Mulready claimed the business to be a sole proprietorship. Likewise, no social security contributions were levied for Mrs. Mulready, all income being credited to Mr. Mulready.
While it is true that section 34-45 (4) provides that "the receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business . . .", that presumption is rebuttable. Beckman v. Jalich Homes, Inc.,190 Conn. 299, 300. In this case, the plaintiff received no direct profits but rather has a signatory power to draw funds for family expenses. She received no wages or any share of profits as demonstrated by the joint tax returns filed by the parties. "The existence of a partnership relation is an ultimate conclusion to be drawn by the trier from all the subordinate facts." Hotchkissv. DeVita, 103 Conn. 436, 448. It cannot be said that any one CT Page 197-PP fact is determinative of the relationship, the essential question being whether, upon all the facts, "such a relation exists between them [the partners] that each is as to all the others, in respect to some business both principal and agent." Morgan v.Farrel, 598 Conn. 413, 422; Samtag Hilder Bros. v. Ottenheimer,90 Conn. 475, 478.
Where the parties are closely related, as in this case, "acts and circumstances between them have not the significance which could attach to them if between strangers. . . ." Jenkins v.Reichert, 125 Conn. 258, 263. [Husband and wife.] The court finds that no partnership existed between the plaintiff and the defendant but that he is now making the claim in an attempt to burden Mrs. Mulready with a portion of the debts of his sole proprietorship.
The plaintiff shows weekly income of $1,000.00 with a net of $720.00, but this is based upon a draw she takes. The defendant claims weekly income of $552.00 with a net of $403.00. However, he has not filed his 1995 tax return and in 1994, his tax return showed income of $60,546.00 or weekly income of $1,646.00. Mrs. Mulready shows debts of $8,000.00, consisting of medical, $700.00; Filene's $200.00; Citibank, $2,800.00; Discover card, $1900.00; and Montessori School, $2,000.00. Mr. Mulready shows only a debt of $11,392.00 to his attorneys but his business has CT Page 197-QQ considerable liabilities including State of Connecticut $9,016.43; IRS $32,706.77, including taxes of $16,879.62 and penalties of $15,827.15. On her 1995 federal tax return, the plaintiff was entitled to a $9,008.00 tax refund, but this has been liened by reason of the defendant's tax liability.
The defendant has borrowed $13,000.00 from the plaintiff, caused a federal tax lien of $2,000.00 to be placed against the plaintiff's 1995 income tax refund, and caused $18,000.00 of alleged income reported by the defendant to the Internal Revenue Services, to be income of the plaintiff although it was never received by her. In addition, she was caused to redeem and refinance a Ford F150 pick up truck repossessed while in the defendant's possession. These obligations are properly those of the defendant.
The parties are Joint owners of real estate located 90 Guilds Hollow Road, Bethlehem, Connecticut containing approximately seventeen acres with a home thereon. This property may have a value of $180,000.00 with a mortgage of $145,000.00 and therefore an equity of $34,000.00. Likewise, the defendant used the wife's Discover Card, with a current balance of $1,900.00 to finance trips. In order to reimburse the plaintiff for the loan to the defendant and the cost of refinancing, the defendant's equity in the real estate must be given to the plaintiff. The balance of CT Page 197-RR the property after reserving five acres for the home, has not as yet been determined, and in any event will require financial outlays to accomplish.
Based upon the evidence and the provisions of Section 46b-81, the Court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. Joint custody of the the minor children with physical custody to the plaintiff and reasonable visitation to the defendant.
3. Support in the amount of $175.00 per week for the minor children. The defendant to provide medical, dental, and orthodontic insurance for the benefit of the minor children. All unreimbursed expenses shall be shared equally.
4. The defendant shall be solely responsible for the $18,000.00 income reported by him as the wife's income for 1995 and shall include this amount when he files that return and forward a copy thereof to the plaintiff.
5. The defendant shall pay to the plaintiff lump sum alimony CT Page 197-SS in the amount of $5,000.00 payable at the rate of $100.00 per month as reimbursement for charges made to the plaintiff's credit cards. In addition $1.00 per year alimony is awarded modifiable to reimburse the plaintiff for any income tax liability on her 1995 tax year obligation.
6. The defendant shall transfer his undivided one-half interest in the real estate located at 90 Guilds Hollow Road, Bethlehem, Connecticut together with the furniture and furnishings in the family home. The plaintiff shall assume and hold harmless the defendant for all taxes, insurance and mortgage payments on said property.
7. The defendant shall retain as his own the business known as C B Foundations and shall assume, pay and hold the plaintiff harmless from all debts and claims in reference thereto.
8. The plaintiff shall retain as her own the business known as CBJ Foundations.
Decree may enter accordingly.
HON. WALTER M. PICKETT, JR. State Judge Referee CT Page 197-TT