[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
There is evidence that the plaintiff slipped or fell on snow or ice on the defendant's commercial premises. The defendant has not shown as a matter of law that the plaintiff was anything other than an invitee at the time of her fall. "It was the duty of the defendant to use reasonable care to keep the [property] in a reasonably safe condition. If it failed in that duty and had actual or constructive notice of the hazardous and unsafe condition and failed to take reasonably necessary steps to remedy it, the defendant would be liable in damages. . . ." Sauro v.Arena Co., 171 Conn. 168, 171 (1976). This is so even if the question of the plaintiff's knowledge of the condition is removed from the case.
The snow storm apparently having ended the prior day, the question of whether the defendant waited a reasonable time to remove the condition is a question of fact. See Kraus v. Newton,211 Conn. 191, 197-98 (1989). So too, even if it were assumed that the plaintiff was not in the exercise of due care, her contribution to her injury and, therefore, whether she still may recover damages, is a question of fact. See General Statutes § 52-572h(b), (f); see Kenney v. Dasilva, Superior Court, judicial district of Fairfield, No. 08704 (Aug. 12, 1998); cf.Salvatore v. Milicki, 163 Conn. 275, 279, 303 A.2d 734 (1972) (contributory negligence is a question of fact).
The defendant's motion is an attempt to try all aspects of the liability case — duty, breach, proximate cause and comparative negligence — on the papers. Here, each aspect is laden with questions of fact. The motion for summary judgment is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court